EDWARD G. WOOD, APPELLANT, V. PETER O'HANLAN, MARGARET O'HANLAN, PATRICK O'HANLAN, AND JOHN F. THOMPSON, APPELLEES.

[FILED MAY 31, 1889.]

**Practice.** The case depending almost exclusively on an examination of questions of fact, the evidence is reviewed, and *held*, to sustain the decree of the district court.

APPEAL from the district court for Dawes county. Tried below before KINKAID, J.

*Sprague, Fisher & McCann*, and *Talbot & Bryan*, for appellants.

*Alfred Bartow*, for appellees.

REESE, CH. J.

This action was instituted in the district court of Dawes county, and was in the nature of a creditor's bill for the purpose of subjecting lots number nineteen and twenty in block four of the city of Chadron, to the payment of a judgment held against Peter O'Hanlan, and rendered by the district court of said county, at the February term thereof, 1886, in favor of plaintiff. It was alleged in the petition that on the 29th day of October, 1885, Peter O'Hanlan was the owner in fee of the lots mentioned, and that on said date said Peter O'Hanlan and his wife, Margaret O'Hanlan, fraudulently conveyed the property to Patrick O'Hanlan, a nephew of Peter, without consideration, with knowledge and intent on the part of the grantor to hinder and defraud appellant, and with like knowledge and intent on the part of Patrick O'Hanlan, the grantee; that on the same day Patrick O'Hanlan, with a like fraudulent intent, reconveyed the property to Margaret O'Hanlan, the

wife of Peter. It was further alleged that an execution had been issued upon plaintiff's judgment, and had been returned unsatisfied, and that defendant, Peter O'Hanlan, was insolvent. To this petition Peter O'Hanlan and Margaret O'Hanlan filed their answer, in which they admitted substantially all the averments of the petition except as to the fraudulent character of the transaction between them and Patrick O'Hanlan, and as to the prior ownership of the property by Peter O'Hanlan, it was alleged in substance that Peter O'Hanlan never had at any time been the owner of the property in question; that the same was purchased of her grantor by Margaret O'Hanlan, with her separate and individual means, the title to lot nineteen having been taken by her at the time of the purchase, and the title to lot twenty having been taken in the name of Peter O'Hanlan by mistake and without her knowledge. It was alleged that at the time of the execution of the deed to Patrick O'Hanlan, the defendant Margaret O'Hanlan, who was then the owner of the property, was indebted to him in the sum of one thousand dollars for money borrowed by her of him, which money was used in the construction of the hotel on said lot, and that the deed was executed and delivered to said Patrick as a security for said indebtedness; that she had subsequently paid the indebtedness in full, and Patrick had reconveyed the premises to her as the real and lawful owner thereof; that while the deed was executed upon the date named, Patrick O'Hanlan retained the possession thereof, and did not deliver it to the said Margaret until the full payment of the said sum of one thousand dollars, which had been borrowed of him by her, and that upon said payment being made in full, the deed was delivered to her, and by her placed upon the records of the county.

The reply consisted of a general denial. The cause was tried to the district court, which resulted in a general finding in favor of defendants and a decree dismissing plaintiff's petition. From this decree plaintiff appeals.

The questions decided by the district court were almost exclusively questions of fact, and upon testimony somewhat contradictory, and we are unable to see how we can molest the decree.    If it was true, as contended by defendant, that at the time of the marriage of Peter and Margaret O'Hanlan, she was possessed of five hundred dollars in money, and that the same was never delivered to him to be used by him as his own, but to be returned to her, and at the time of the purchase of the property in Chadron, this money had all been repaid, and the purchase was made with the same funds, the purpose at the time being to take the title to the property in her name, and that with her own means she had made the improvements upon the property by which it had become valuable, the decree of the district court was correct.    This of course was not conceded by plaintiff; and while there are some features about the case which render the theory presented by defendants somewhat improbable, yet we cannot say that there was not sufficient to sustain the finding of the court.

We have examined all the evidence in the case; but it would serve no good purpose to state it here.    Defendants Margaret and Peter both took the stand and testified fully as to the alleged separate money of Margaret used in the purchase and improvement of the property involved in the suit.    They were then subjected to an unusually searching and skillful cross-examination, but they, with at least some indications of truth, adhered to the statements made in their examination in chief.    These might be briefly stated to be, that at the time of their marriage, about twenty years ago, Margaret had of her own private means the sum of five hundred dollars, which, by her consent, was used by her husband; but it seems to have been the purpose during the whole of the time that she should remain the owner of this money; that is, that it should be returned to her.    Peter O'Hanlan finally purchased from plaintiff a hotel property in Iowa, making such payment thereon as to leave about

34

the sum of fifteen hundred dollars unpaid, and for the security of which he executed to plaintiff a mortgage on the property so purchased. The house was insured for the sum of two thousand dollars. It was finally burned, and with it substantially all the household property owned by defendant. Fourteen hundred dollars were realized from the insurance. One thousand dollars of this with the interest thereon was paid to plaintiff. The remainder was used in the payment of other indebtedness. At the time of the destruction of the hotel, Peter O'Hanlan was in possession of some personal property and a private residence, valued at about seven hundred dollars. This property was sold. About the time of the sale, Peter O'Hanlan went to Chadron for the purpose of attending a lot sale and buying property for his wife with her means, she having retained her five hundred dollars out of the proceeds of the property sold in Iowa. On the day of the lot sale in Chadron, he was unable to attend the sale by reason of sickness, and requested his brother to make the purchase of lot twenty, which his brother did, using the money furnished him; but without knowing the purchase was to be made for Margaret O'Hanlan, he made it in the name of Peter, her husband. Margaret subsequently purchased from the owner, lot nineteen. Peter seems to have had nothing to do with this purchase. Subsequent payments were all made by her. The hotel, constructed upon the property with money which she had borrowed, was operated and managed by her without the interference of her husband, and in order to make the necessary improvements, she borrowed six hundred and fifty dollars from Thompson, executing a mortgage on the property to secure the same, which she had paid out of the proceeds of the house. She also borrowed the sum of one thousand dollars from Patrick O'Hanlan, executing the deed hereinbefore mentioned for its security, Patrick declining to receive a mortgage for the reason that at that time the mortgage on the property in favor of Thompson was unpaid.

There were some circumstances which tended in some degree to disprove the good faith of these transactions, principally upon the part of Peter O'Hanlan, the husband. But it was shown that he was illiterate and evidently did not understand the usual formalities of business.

Upon the whole case, we do not feel that we would be justified in interfering with the decree of the district court, and it is therefore affirmed.

DECREE AFFIRMED.

THE other Judges concur.