### THE STATE OF TEXAS v. WARREN ALLEGREE ET AL.

### No. 892.

**Incorporation for School Purposes.**—The Act of April 10, 1891 (Acts Twenty-second Legislature, page 79), providing for incorporation of towns and villages for school purposes only of territory not exceeding four miles square, authorizes the incorporation into such town or village that area, regardless of whether it includes agricultural lands; nor does it affect such incorporation, that the town or village may not be in the center, or near it, of such incorporated territory.

APPEAL from Freestone.    Tried  below before  Hon. RUFUS HARDY.

*James Kimball,* District Attorney Thirteenth District, and *Thos. J. Gibson,* for the State.—1.  Article 541a of the Revised Civil Statutes, and the act of the Legislature of April 10, 1891, amending said article, have exclusive reference to the incorporation of towns and villages proper for school purposes only, and  do  not  confer on  such  towns  or villages the right to include in such corporation rural  territory in no way connected with such town or village.    Sayles' Civ. Stats., art. 541a; Acts 22d Leg., p. 79; The State ex rel. v. Eidson, 76 Texas, 302; Harness v. The State, 76 Texas, 566; Largen v. The State, 76  Texas, —; The State ex rel. v. Dunson, 71 Texas, 65; Ewing v. The State, 81 Texas, 177; Matthews v. The State, 82 Texas, 583.

2.  Admitting,  for  the sake  of  argument, that  the  inhabitants of  the town of Wortham could include fourteen square miles of rural  territory within  the limits of  the incorporation of  the town  for  school  purposes only, is it not such an abuse of  the power conferred, when they so shape the limits of such corporation as to place the  town within  less than one mile of one of the boundary lines and more than three miles from another, as to render the attempted incorporation void?

No brief for appellees reached the Reporter.

FISHER, CHIEF JUSTICE.—This is a proceeding instituted in the name of the State of Texas, on the relation of John Manning, by information in  the nature of  a  quo  warranto, in the  District Court  of  Freestone County, to test the validity of the incorporation of Wortham for school purposes only.

The trustees of said school district, who were the respondents, answered by general demurrer, which was by the trial court upon hearing sustained; and appellant declining to amend, the cause was dismissed from the docket.

The assignments of error question the ruling of the court in sustaining the demurrer.

The petition and information, in substance, allege: On May 12, 1892, the county judge of Freestone County made an order directing that an election be held on May 28, 1892, at the town of Wortham, to determine whether said town " and the following described territory should be incorporated for free school purposes only." Then follow the field notes of the proposed incorporation, showing that the same consists of four miles square, or sixteen square miles, to include the town of Wortham. The order recites, that it is made on the petition of the requisite number of citizens, legally qualified voters, living within the territory to be affected thereby.

On May 31 the county judge made an order for an election to be held June 10, at the town of Wortham, for the election of five persons for trustees of said school corporation; reciting therein that an election had been held on May 28 to incorporate the town of Wortham and adjacent territory, and declaring that said election had resulted in the adoption of the incorporation. On June 14 the county judge issued his " proclamation," declaring that an election had been held on June 10 to elect five trustees " for Wortham district school number 2, recently incorporated for school purposes only," and declaring that Warren Allegree, C. J. Turner, W. R. Basden, William Kirven, and L. A. Dunagan (who are the respondents herein) were duly elected trustees for Wortham district number 2, and directing them to organize, etc.

The information further alleged, that the town of Wortham consists of less than two square miles; that the incorporation for school purposes included within its limits more than fourteen square miles of rural territory, in no way connected with said town, and covered by farms and pastures, the owners and occupants of which are widely separated, and that the territory outside of said town is many times greater than the territory included within the limits of the town. That the annual taxes arising from assessments made on property outside of the said town by said board of trustees, and included within the limits of the incorporation, amounts to $1200. That said trustees had organized themselves into a board; had elected one of their number president, another secretary and treasurer, and another tax collector; that they had levied a tax of 25 cents on the $100 worth of property within said incorporation, and were proceeding to collect same, etc. That the town of Wortham is not in or near the center of the territory covered by the incorporation, but from the center of the town to the north and west boundaries respectively

is less than one mile, while the distance from the center of the town to the east and south lines is more than three miles.

It is evident that the court below based its ruling in sustaining the demurrers upon the Act of April 10, 1891, passed by Twenty-second Legislature, page 79, which provides, that towns and villages may incorporate for school purposes only, provided that the territory included within said incorporated limits shall not exceed four miles square. The allegations of the petition show that the territory included within the incorporated limits of the school district does not exceed four miles square.

We think the court below properly construed the Act of April 10, 1891, as permitting an incorporation for school purposes when it does not exceed the limits named. This act is a legislative grant of authority to the people to be affected by the proposed incorporation, to incorporate for school purposes, and to extend the boundaries thereof so as to not exceed four miles square. It is an express authority to include within the incorporation four miles square. The Legislature had the power to confer this right, and when it is properly exercised the courts will not interfere. The fact that the town of Wortham does not lie within the center of the incorporated territory does not render the incorporation illegal, nor is the legality of the incorporated district affected by the fact that the order for the election states that the purpose was to incorporate the town of Wortham and the adjacent territory. One of the purposes of the Act of April 10, 1891, was to permit towns and villages to incorporate for school purposes, and to include such of the adjacent territory as did not exceed the four miles square.

The court did not err in sustaining the demurrers.

The judgment is affirmed.

*Affirmed.*

Delivered May 10, 1893.

Motion for rehearing refused.