Edward Pochila v. Calvert, Waco & Brazos Valley Railway
Company et al.

Decided February 6, 1903.

**1.—Railroads—Right of Way—Injury to Property—Common Benefits.**

An enhancement in the value of real estate caused by the construction of
a railroad, common to property in that vicinity generally, can not be consid-
ered in offset against the damages actually caused to a given piece of prop-
erty by the excavation, for the railroad's right of way, of the street in front
of such property.

**2.—Same—Burden of Proof.**

The burden of showing special benefits to the property resulting from the
construction of the railway is upon the railway company.

**3.—Same—General Benefits.**

The erection of a depot in the vicinity of the property can not be regarded
as having specially benefited it, where the benefit caused thereby has affected
alike the other property in that neighborhood.

**4.—Same—Measure of Damages.**

The owner of the property is entitled to recover for special damage thereto
and depreciation in value, although the proof may show that on account of the
general increase in values caused by the construction of the road his property
has not lost value; and the measure of damages is the difference in value just
before and just after the construction, with the general increase in value added
to the value it had just before the construction.

**5.—Same—Subsequent Offer.**

The defendant railway company could not show an offer by it to grade
down the street in front of plaintiff's property made long after the measure
of damages had been fixed and the suit instituted.

**6.—Same.**

If plaintiff's possession extended into the street occupied by the railroad
right of way, but he had not acquired the right thereto, this fact could be con-
sidered in determining the extent of the injury.

Appeal from the District Court of Brazos. Tried below before Hon.
J. C. Scott.

*Ford & Ford,* for appellant.

*Taliaferro & Armstrong* and *Doremus & Butler,* for appellees.

GARRETT, Chief Justice.—This action was brought by the appel-
lant in the District Court of Brazos County originally against the appel-
lee, the Calvert, Waco & Brazos Valley Railway Company, for the recov-
ery of damages alleged to have been sustained by the appellant on
account of injuries to land. The International & Great Northern Rail-
road Company having subsequently become the owner of the Calvert,
Waco & Brazos Valley Railway, it was made a party defendant to the
suit. The appellant owned and occupied as a homestead lots Nos 9 and
10, block 138, in the city of Bryan, and the improvements thereon situ-
ated. The premises fronted north on Burleson street and abutted on
Wheelock street on the west. Red Top street bounded the block on the

east. Appellee, the Brazos Valley company, having obtained the consent of the city, constructed its railway from the west to the east along Burleson street in front of the appellant's property and made a deep excavation in said street for its roadbed and graded down Wheelock street and Red Top street for the crossings, so that access to the appellant's property was made difficult, and it was subjected to the smoke and cinders and noise incident to the operation of trains along said Burleson street. The cause was tried to the court without a jury, and the trial resulted in a judgment in favor of the defendants. The trial judge held that the plaintiff was not entitled to recover because there was no depreciation in the value of the property. By a construction of the plaintiff's petition the court was of the opinion that in order to entitle him to recover it would be necessary for him to show that the property was worth less immediately after the railroad was constructed in front thereof than it was before. The averment of the petition was that acts of the defendant depreciated the value of plaintiff's property; also that the property had been greatly damaged and depreciated. There was evidence tending to show that from a number of causes there had been a general advance in the value of real estate in the city of Bryan, and that the building of the railroad and other causes had combined to cause such advance in values; and witnesses testified that plaintiff's property was worth just as much after the construction of the railroad as before on account of such increase in values. That the property was injured the physical facts give undisputed evidence, but the court was of the opinion that there could be no recovery unless its value was less just after the construction of the railroad than it was before, because the plaintiff had alleged that the construction and operation of the railroad had depreciated the value of the property. Plaintiff also alleged that the railroad had damaged the property, but we think that the court improperly construed the allegation depreciated, for as the property advanced in value on account of the construction of the road and other causes it may have been at the same time depreciated by the physical injuries caused by the construction and operation of the railroad, and have maintained its value on account of such increase in value of property generally, notwithstanding the injuries received. Proof of such injuries and the extent thereof was admissible under the allegation of depreciation, although the property may have not lost value.

The general rule for the measure of damages where property has been injured or damaged by a railroad in the exercise of its right of eminent domain is to ascertain the difference between its value just before the construction of the railroad and just after. Eastern Texas Railway Co. v. Eddings, 70 S. W. Rep., 98, and authorities cited. But it is also well settled that general benefits to the property common to property in the neighborhood generally caused by the construction of the railroad can not be considered in offset in estimating the damage. This rule was established by the courts in analogy to the statute of eminent domain.

Gulf, C. & S. F. Railway Co. v. Fuller, 63 Texas, 473.   Not only was
the property of plaintiff and other property in the city of Bryan in-
creased in value by the construction of the railroad, but other causes con-
'spired to increase the value of property generally from 20 to 25 per cent
according to the testimony of the witnesses.   The plaintiff was entitled
to the benefit of such increase in value, but the court gave it to the de-
fendants.   Another reason assigned by the court for denying the plain-
tiff the benefit of any increase in value that his property may have sus-
tained was that the defendants had built a depot in the vicinity which
was of that peculiar and special benefit to the property which might be
taken into consideration in offset in the estimation of the damages.   No
such peculiar benefit was shown by the evidence.   The benefit caused by
the building of the depot affected all property alike in its neighborhood,
and was not peculiar to the plaintiff's property.   In order to be peculiar
to a piece of property the benefit must affect it directly so as not to be
shared by other property in the neighborhood; and the value of its use
must be increased by improvement of the physical condition of the
property.   Railway v. Fuller, supra; Roberts v. Brown Co., 21 Kan.,
247; Washburn v. M. & L. W. Railway Co., 18 N. W. Rep., 333; Little
Rock, etc., Railway Co. v. McAlister, 60 S. W. Rep.; 955; City of Omaha
v. Schaller, 42 N. W. Rep., 722; Hickman v. City of Kansas, 25 S. W.
Rep., 228.

The court also took an erroneous view of the law holding that the
burden of proof rested upon the plaintiff to show special damage and
what part thereof was attributable to the construction of the railroad and
common to the community, and what part was attributable to other
causes.   The plain rule of damages in this case is the injury done the
property by the construction of the railroad to be ascertained by ascer-
taining the difference in value of the property just before and just after
the construction of the railroad, with the increase in value added to its
value just before.   Gulf, C. & S. F. Railway Co. v. Fuller, 63 Texas,
473; Railway Co. v. Becht (Texas Civ. App.), 21 S. W. Rep., 971; Rail-
way Co. v. Allister (Ark.), 60 S. W. Rep., 954; Eachus v. Railway Co.,
37 Pac. Rep., 752; Hickman v. City of Kansas (Mo.), 25 S. W. Rep.,
225; Railway Co. v. Frick (Md.), 37 Atl. Rep., 651; Schaller v. City of
Omaha (Neb.), 36 N. W. Rep., 535; City of Omaha v. Schaller, 42
N. W. Rep., 732; Sullivan v. North Hudson Co. (N. J.), 18 Atl. Rep.,
690; Richmond Traction Co. v. Weibe (Neb.), 41 N. W. Rep., 297;
City of Denver v. Boyer, 2 Pac. Rep., 15.

The defendants are not entitled to have considered in offset of damages
any general benefits caused either by its railroad or other causes, and if
there should be any special benefits shown on another trial the burden
would be on the defendant to distinguish these and show to what extent
they affected the property.

It was not proper to receive in evidence the offer of the defendant
International & Great Northern Railroad to grade down the street in

front of plaintiff's property made long after the measure of damage had been fixed and this suit instituted. If the plaintiff's possession extended into the street, and if he had not acquired the right thereto by limitation or otherwise, this fact may be considered in determining the extent of the injury to his property. The judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*