**HOPKINS COUNTY LEVEE IMPROVE-MENT DIST. NO. 3 v. HOOTEN.**
**(No. 2669.)**

(Court of Civil Appeals of Texas. Texarkana. April 19, 1923.)

**1. Eminent domain ⬅200—Burden of proof as to benefits is upon condemning party.**

The condemning party has the burden of showing what special benefits will accrue to the owner, and the extent to which such benefits affect the remaining portion of the land as a set-off to damages to the remaining land.

**2. Eminent domain ⬅146—Special benefits not part of compensation.**

Special benefits are not legally considered a part of the compensation required for taking of land, but are allowed to be shown as a means of ascertaining what the just compensation should be.

**3. Eminent domain ⬅200—Burden of proof of consequential damages on landowner.**

In view of Rev. St. arts. 6520, 6521, the burden of proof of consequential damages sustained by the landowner is on him, and not on the party seeking to condemn only a portion of the land, for damage to land not taken, being in the nature of unliquidated damages, will not be presumed, and unless the owner shows that he suffered damages to his remaining portion of the land as a consequence of the taking, compensation will be limited to the value of the land actually taken.

Appeal from Hopkins County Court; R. B. Keasler, Judge.

Condemnation proceeding by Hopkins county levee improvement district No. 3, opposed by A. C. Hooten. Judgment for Hooten, and the district appeals. Reversed and remanded.

This is a condemnation proceeding instituted under the direction of the district supervisors of levee improvement district No. 3 of Hopkins county. It is declared in the original application that it is necessary for the construction and maintenance of a levee included in the approved plan to prevent overflow from the waters of South Sulphur river, to have a right of way to a strip of land aggregating 5.56 acres of a portion of certain land belonging to appellee. The commissioners appointed by the county judge made an award of damages in the sum of $1,000, the improvement district filed its opposition thereto, and the cause was tried in the county court. The appellee, in addition to a general denial, prayed for an award for damages to certain parts of the remaining portion of the land not actually taken for use in the construction and maintenance of the levee. The pleading alleges that the levee proposed to be constructed would operate as a barrier which in times of extreme high water of the river would cause the waters to overflow across, back up, and stand on 14½ acres on the west side, 10 acres on the east side, and 13.1 acres on the south side of the proposed levee, interfering with the cultivation thereof and destroying the crops thereon. In the trial evidence was offered as to the market value of the land sought to be condemned as a right of way and as to the consequential injury to the land described and not taken by the erection of the levee, and the damages sustained thereby. There was a trial before a jury, and they returned a general verdict in favor of the appellee, assessing his damages at the sum of $1,750. In view of the evidence there is involved in the verdict a finding of damages both for the land actually taken and for the remainder.

The court's charge peremptorily instructed the jury to "find in favor of the defendant for the reasonable cash market value of the land actually appropriated in the construction of the levee and bar pit," and further required decision by the jury of whether or not "the defendant was damaged in any amount" as to the remaining portion of the land not taken, or any part thereof, "by reason of the construction and building of the levee and bar pit," and the amount of such compensation. The court further charged the jury as follows:

"(3) In making your findings as to any damages defendant sustains, if any, to said tracts of land, you will take into consideration any benefits, if any, that will result to the remainder of the said land belonging to the defendant.

"(4) The measure of damages to the defendant's land mentioned in the paragraph above is the difference in its value just before the levee is built and its value immediately after it is built.

"(5) The burden of proof is upon Hopkins county levee improvement district No. 3."

The appellant excepted to the fifth paragraph, quoted above, of the court's general charge. He then requested, and the court refused to submit, the following special charge:

"You are instructed as a part of the law in this case that the burden of proof is upon the defendant to show by a preponderance of the evidence that the three tracts mentioned in his pleadings would be actually damaged on account of overflow by reason of the construction of the levee, and the amount of such damages, if any, and also to show that such damages, if any, were greater than the benefits, if any, to the remaining portion of his land, in order to entitle him to recover anything for damages to said three tracts of land."

J. M. Melson and Connor & Ramey, all of Sulphur Springs, for appellant.

J. K. Brim, of Sulphur Springs, for appellee.

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

LEVY, J. (after stating the facts as above). Appellant predicates error on both the general charge of the court and the refusal of the court to submit the special charge concerning the burden of proof. He insists that the burden of proof was upon the landowner, and not upon the levee improvement district, to show special or consequential damages to the part of the land not taken for actual use by the appellant district. The appellant was assuming to establish that the amount of compensation that should be awarded the appellee was the value of the 5.56 acres right of way strip. The appellee, the landowner, assumed to establish that the amount of his compensation should be a greater sum than the value of the land actually taken, and he affirmatively laid his claim to award in the further sum of the consequential damages to a part of his remaining portion of the land. Since the only issues to be determined were those of compensation and the amount thereof, and since the evidence in this respect was conflicting, the question upon whom was cast the burden of proving the consequential damages claimed was an important one in the case. The special charge requested sought to have the burden of proof placed upon the landowner to show (1) the remaining portion of the land would actually be damaged through overflow as a consequence of the construction of the levee, and the amount of such damages, and (2) the damages sustained as a consequence of the construction of the levee exceed "the benefits, if any, to the remaining portion of his land." The second clause of the instruction is legally objectionable because it erroneously placed upon the landowner the burden to distinguish and to show to what extent the special "benefits" affected the remaining land.

[1-3] It rests upon the condemning party to show what special benefits will accrue to the owner, and the extent to which such benefits affect the remaining portion of the land, as a set-off to the damages to the remaining land. Pochila v. Ry. Co., 31 Tex. Civ. App. 398, 72 S. W. 255; 15 Cyc. p. 898, § 9. The special benefits are not legally considered a part of the compensation required for the taking of the land, but are allowed to be shown as a means of ascertaining what the just compensation should be. Therefore it was not error to refuse to give the special charge. However, the instruction as to "burden of proof" given in the main charge of the court had the effect, unrestricted and broad as it reads, of casting upon the appellant the burden of proof upon all the issues submitted to the jury. Both the value of the 5.56 acres taken and the consequential damages to a part of the remaining portion of the land were issues for the jury to decide. And such instruction, in effect, conflicted with special charge No. 1 submitted to the jury. It is believed, therefore, that there is reversible error in the charge of the court. The statute in this state provides that when only a portion of a person's real estate is taken by eminent domain, the owner is not restricted to compensation for the land actually taken; he is also entitled to recover for the damage to his remaining portion of land. Article 6520, R. S. But, as further provided, the right to recover for the damage to his remaining portion of land is based upon a requirement that the damage be special and peculiar to that tract and is a consequence of the taking. Article 6521, R. S. In view of this statute, it has been decided in this state that the burden of proof of consequential damages sustained by the landowner is on him, and not on the party seeking to condemn only a portion of the land. Ry Co. v. Wyrick (Tex. Civ. App.) 158 S. W. 570. The rulings are based upon the ground that damage to land not taken, being in the nature of unliquidated damages, will not be presumed; and unless the owner affirmatively raises the question and shows by competent evidence that he suffered damages to his remaining portion of the land as a consequence of the taking, compensation will be limited to the value of the land actually taken. It is, of course, always open to the condemning party to show that the expected damage to the remaining portion of the land will not occur.

The judgment is reversed, and the cause remanded.