## JEFFERSON COUNTY DRAINAGE DIST. NO. 6 v. LANGHAM.

### No. 1995.

Court of Civil Appeals of Texas. Beaumont.

April 9, 1935.

Rehearing Denied April 17, 1935.

Pipkin & Pipkin and J. B. Morris, all of Beaumont, for appellant.

Howth, Adams & Hart, of Beaumont, for appellee.

WALKER, Chief Justice.

This opinion supplements the opinion of the Commission of Appeals answering our certificate to the Supreme Court. Jefferson County Drainage District No. 6 v. Langham, 76 S.W.(2d) 484.

The following propositions, not involved in the opinion of the Commission of Appeals, were briefed by appellant.

It is contended that appellee's cause of action was barred by the statute of limitation of two years (Rev. St. 1925, art. 5526) when he filed his original petition on the 30th day of April, 1926, and when he filed his first amended original petition on December 21, 1926. The facts of this proposition are as follows: The work of improving drainage district No. 6 began in 1921. In 1923 appellee made complaint to appellant that the improvements then being made had damaged his land and caused it to overflow. At that time he carried appellant's commissioners to his land for them to inspect the extent of the overflow, and he carried them over and across his land in a motorboat. At that time all of the 8,000 acres was under water, except about 85 acres, and no greater overflow has occurred since that date. The drainage work in district No. 6 was not completed until the middle of March, 1925. There was no evidence as to the extent of the completion at the time it was inspected by the commissioners in 1923. Appellee's land was valuable for stock grazing, rat industry, etc.

Appellant is correct in its contention that in 1923 it was obvious to appellee that he had suffered permanent damage to his land, but the extent of the damage was not obvious. When the commissioners inspected the land in 1923, as said above, 85 acres of the land was not under water; appellee could not tell, until after the completion of the drainage system, whether future floods would overflow this 85 acres. This amount of land not under flood added greatly to the value of the entire tract for stock grazing. It afforded a safe place for the cattle in time of flood.

But for this 85 acres, appellee, on threat of a flood, would have been compelled to remove all the cattle from the entire 8,000 acres.

On the conclusion of "permanent damage," appellee did not have a cause of action in 1923 for all the damage accruing to him from the conduct of appellant; that is to say, at that time the full extent of his damage was not obvious. The general rule is that only one action may be maintained for a single tort. 1 Tex. Jur. 674. Discussing the statute of limitations as they relate to permanent damage to land, it is said by 16 Tex. Jur. 969: "The statute commences to run when the work has been substantially completed, provided the damage to the plaintiff has become obvious in the depreciation of the value of the property." By this is meant, not only must it be obvious that the plaintiff will suffer damage, but the extent of the damage must be capable of judicial ascertainment. When appellee first learned that appellant proposed to make the improvements charged in his petition, it was "obvious" that he would suffer damage; when he visited his land with the commissioners in 1923, it was obvious to him that he had suffered damage. But, under the principle of law "that only one action may be maintained for a single tort," appellee's cause of action did not accrue until the improvements in drainage district No. 6 had been completed, or had been prosecuted towards completion to an extent that the permanent damage was subject to judicial ascertainment. In International, etc., Railway Co. v. Bell, 62 Tex. Civ. App. 117, 130 S. W. 634, 639, discussing the application of the statute of limitations to an action for permanent damage, the court said: "The work complained of was not completed and lacked substantial completion until within two years of the action, according to much of the testimony."

Again, in Texas & P. Railway Co. v. Edrington, 100 Tex. 496, 101 S. W. 441, 442, 9 L. R. A. (N. S.) 988, discussing permanent damage to land caused by the erection of a water tank, the court said: "The cause of action in this case arose when the water tank was built and was operated, and, of course, there could have been no suit before the injury was inflicted. Grossman v. Railway Co. [99 Tex. 641] 92 S. W. 836, 15 Tex. Ct. Rep. 572."

As directly applicable to the running of the statute of limitations in this case, we quote as follows from the opinion of Judge Critz in Williams v. Pure Oil Co. (Tex. Com. App.) 78 S.W.(2d) 929, 931: "It seems to be the settled law of this state that limitation does not begin to run until the right or cause of action accrues. The right or cause of action does not exist until facts exist which authorize the person asserting the claim to seek relief in a court of competent jurisdiction from the person due to make reparation. It involves both the existence of the right and facts sufficient to constitute a cause of action. Deaton v. Rush, 113 Tex. 176, 252 S. W. 1025; Stanley v. Schwalby, 85 Tex. 348, 19 S. W. 264; Thomson v. Locke, 66 Tex. 383, 1 S. W. 112; Cleveland State Bank v. Gardner (Tex. Com. App.) 286 S. W. 173; Southwestern Lumber Co. v. Evans (Tex. Civ. App.) 275 S. W. 1078; American Exchange National Bank v. Keeley (Tex. Civ. App.) 39 S.W.(2d) 929; Humble Oil & Refining Co. v. Andrews (Tex. Civ. App.) 285 S. W. 894; McCampbell v. Durst, 15 Tex. Civ. App. 522, 40 S. W. 315; Stewart v. Miller (Tex. Civ. App.) 271 S. W. 311."

The proposition of limitation is overruled.

■ The evidence raised the issue that the damage awarded appellee by the trial court was not contributed to by the drainage of Spindle Top gully and of district No. 3, the drainage from these streams flowing into the same general territory as the drainage from No. 6. George Masterson, a civil engineer, testified: "I will not deny that these ditches (meaning the ditches of No. 6 District) have caused that overflow (Langham's land); the ditches brought the water down."

Notwithstanding the flood water from Spindle Top gully had drained into this general territory from time immemorial, and the flood water from drainage district No. 3 for many years before the completion of drainage district No. 6, appellee did not suffer the damage sued for until the completion of the drainage work in drainage district No. 6. Appellee alleged that all his damage was the proximate result of the improvements made by appellant in district No. 6, and the evidence supports the trial court's conclusions, finding that issue in his favor.

■ We overrule the proposition that the damage found by the trial court in the sum of $19,500 included compensation both for permanent damage to the land and for distinct injuries, such as recurring overflows, recurring damage to the grazing, recurring damage to the rat industry, etc. The trial court's fact conclusions are given in the opinion of the Commission of Appeals, supra. By the eleventh fact conclusion, the court found that appellee had suffered damage in the sum of $19,500 "as the direct and proximate result

of defendant's wrong acts." By the thirteenth fact conclusion, the court found that appellant "changed the drainage" in district No. 6, thereby proximately damaging appellee in the sum of $19,500. By the fourteenth fact conclusion, the court found that appellant "changed and altered the drainage in said district," thereby damaging appellee "in the said sum of $19,500." These are fact conclusions on the issue of permanent damage, and not on the issue of specific and recurring injuries. By the fourth and fifth conclusions of law, the court predicated its judgment on article 1, § 17, of the state Constitution, and the Fifth Amendment to the Federal Constitution, thus clearly evidencing an adjudication for permanent damage in the sum of $19,500.

If it be conceded that certain fact conclusions suggest a finding on the issue of specific and recurring injuries, the damages therefor were fixed at $19,500. But, even on that concession, the judgment does not award double recovery. This follows, because clearly the court found permanent damages in the sum of $19,500, which was the full amount of the judgment, and nothing was added to that amount for specific and recurring injuries, even if the court found that issue in his favor. It is our conclusion that, giving appellee the benefit of a reasonable construction of the court's conclusion of fact and law, as carried into the judgment, he was awarded recovery only but for permanent damage.

We cannot say that the judgment for $19,500 is excessive. There was expert testimony to the effect that appellee's land was worth $20 per acre before the completion of the drainage in district No. 6, and only $10 after the completion of the drainage. Against that testimony, the trial court doubtless gave due consideration to all the facts and circumstances brought forward by appellant in support of the proposition of an excessive verdict.

Appellant duly excepted to the judgment against it, as and when the judgment was rendered, but did not except to the conclusions of fact and law when they were filed by the trial court. The exceptions reserved by appellant were sufficient to support its assignments of error, attacking the conclusions of fact and law, and appellee's counter proposition to the contrary is overruled. In Hess & Skinner Engineering Co. v. Turney, 109 Tex. 208, 203 S. W. 593, 594, it was said: "The judgment of the court having been excepted to, it was not necessary that exception be also taken to the conclusions of law and fact to secure their review on appeal under due assignments of error. Voight v. Mackle, 71 Tex. 78, 8 S. W. 623; Thompson v. State, 23 Tex. Civ. App. 370, 56 S. W. 603."

In Temple Hill Development Co. v. Lindholm, 231 S. W. 321, 322, the opinion by the Commission of Appeals, expressly approved by the Supreme Court, it was said: "It is also settled that where there is a trial before the court without a jury and the judgment of the court is excepted to, it is not necessary that exceptions be also taken to the court's findings of fact and conclusions of law as a prerequisite to review, under due assignments of error. Hess & Skinner Engineering Co. v. Turney, 109 Tex. 208, 203 S. W. 593; Goodman v. W. S. Peck & Co. (Tex. Civ. App.) 192 S. W. 785."

It follows that the judgment of the lower court should be in all things affirmed, and it is accordingly so ordered.

Affirmed.