C. D. NEWBOLD v. INTERNATIONAL & GREAT NORTHERN
RAILROAD COMPANY.

Decided February 17, 1904.

**Evidence—Damage to Real Estate—Comparison with Other Property.**
On the issue of damage to a lot by construction of a railway in the street, if evidence based on comparison with the effect on other property is admissible except on cross-examination, which is questioned, such comparison can only be allowed where the situation of the two properties is shown to be similar with respect to damage, which, on consideration of the testimony, is held not to be the case here presented.

Appeal from the County Court of Falls. Tried below before Hon. W. E. Hunnicutt.

*Wm. Shelton* and *Z. I. Harlan,* for plaintiff in error.

*N. A. Stedman, Martin & Eddins,* and *W. S. Baker,* for defendant in error.

STREETMAN, ASSOCIATE JUSTICE.—Plaintiff in error was the owner of certain lots on Falls Street in Marlin, Texas. About November 1, 1900, the Calvert, Waco & Brazos Valley Railway Company, under authority of a city ordinance, built its railroad along said street. Plaintiff in error brought this suit against the International & Great Northern Railroad Company, which had assumed the liabilities of the former company, for damages occasioned to said lots by the construction and operation of said road.

We sustain the fourth assignment of error. Upon direct examination of defendant's witness L. E. Oltorf, defendant was permitted to prove by him that about September 11, 1901, shortly after the railroad came to Marlin, witness and a Mr. Emerson bought a piece of property just across the street from the Newbold property, and about twice as large as the Newbold property, paying $1500 for it, and that in his judgment that piece of property was worth more after the road came than it was before.

There is much conflict in authority as to whether, on direct examination, a witness may be asked as to sales of other property similarly situated. Many authorities hold that such evidence is admissible, others that its admissibility is a matter of discretion; while others hold that such evidence is only admissible upon cross-examination, to test the means of knowledge of witnesses who have testified to market value upon direct examination. In 3 Elliott on Railroads, sec. 1036, many authorities are collated, and the author expresses the opinion that the weight of authority favors the view last stated. In 10 Am. and Eng. Enc. of Law, 2d ed., p. 1155, the contrary opinion is expressed.

In this State we are not aware that the precise question has been de-

cided. However in Cheney v. Coleman, 77 Texas, 103, where similar evidence had been excluded, it is said: "We think the evidence was properly excluded. The question was as to the value of the farm conveyed to plaintiff by defendant. It is not readily seen how its value can be correctly shown by comparing it with others, as was proposed to be done by the defendant in this case. * * * Before a value can be given to it by proving the average value of farms in that vicinity, it should be proved that the improvements and other things to be considered in estimating its value corresponds with like things on the farm with which it is classed. That was not done in this case, and it is not probable that it can be done, or that a proper predicate can be laid for the adoption of such a method of establishing its value, instead of proving it directly."

So in this case, while the Oltorf lot was just across the street from the lot in question, it was not situated in the same way with reference to the railroad, the east front of the Newbold lot being taken by the railroad and the west front of the other. Neither is it shown that the railroad was constructed in the same manner on the side next to the Oltorf lot as next to the Newbold lot. On the contrary, the evidence indicates that while the road and embankment ran very close to the Newbold lot, there may have been room for a sidewalk on the other side of the street. Neither is the situation of the two lots with reference to other streets shown to be similar. The evidence tends to show that the most available street frontage of the Newbold lot was destroyed by the railroad, and that it became necessary to front upon an alley or narrow street to the north. The Oltorf lot is also shown to have been two or three times as large as the lot in question; and, for that reason, might have been adapted to purposes for which the lot in question could not have been used.

These circumstances, and others which might be enumerated, serve to show how the Oltorf lot was so dissimilar to that in question that its value might have been increased by the building of the road, while the Newbold lot was decreased in value. Of course, two lots could never be found precisely alike, nor would this be required; but if it is admissible in any case on direct examination to prove value by comparison with other property, it should first be shown that such other property is substantially similar in those particulars which affect its value.

In the eighth assignment of error it is insisted that the court should have given a special instruction requested by the plaintiff. The instruction requested was a copy of that given and approved by our Supreme Court in the case of Railway Company v. Fuller, 63 Texas, 473; and while we are not prepared to say, in view of the charge given by the court, that its refusal would be reversible error, yet, in view of another trial, we suggest that it would have been proper to have given it, and would perhaps have presented the case from plaintiff's standpoint a little more clearly than the charge given by the court.

The cases of Railway Company v. Scarlock, 9 Texas Ct. Rep., 162, and Boyer v. Railway Company, 8 Texas Ct. Rep., 347, contain the most recent expressions of our Supreme Court as to the measure of damages and method of proof in such cases.

The assignments relating to the weight and sufficiency of the evidence need not be considered.

We find no error shown by the other assignments.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*