### R. H. KIRBY v. PANHANDLE AND GULF RAILWAY COMPANY.

Decided April 29, 1905.

**1.—Condemnation of Land—Special Issues—Insufficient Findings.**

Where in a proceeding to condemn land for a right of way the court submitted to the jury three special issues asking the market value of the 5.23 acres appropriated, the market value of the residue of defendant's land just before the appropriation, and then its market value just after the appropriation, and the jury answered the first two questions "$12 per acre," and the third "$10.65 per acre," the answers were not responsive to the issues and were insufficient to sustain a judgment, there being no finding as to the amount of the residue of the land.

**2.—Same—Showing Amount of Land Affected.**

The statute does not require that in a proceeding to condemn, the amount of land in the tract crossed shall be alleged in the petition, and such a state-

ment there can not limit the right of the landowner in his recovery of damages. Rev. Stats., art. 4447.

### 3.—Same—Benefits to Landowner—Charge.

A charge that the proposed construction of a depot and switch at a point near defendant's land might be considered by the jury in estimating the damages was upon the weight of evidence in that it assumed that this would constitute a special benefit to the land.

### 4.—Same.

Benefit from the construction of a depot and switch a half mile distant from defendant's land was not a special benefit which the railway company was entitled to have deducted from the damages, since it was a benefit he received in common with the community generally.

### 5.—Same—Evidence of Value of Land.

Upon the issue of the value of the land condemned it was not competent for a witness to testify as to the purchase by him in that vicinity without further proof that such lands were similar in situation and otherwise to defendant's land.

### 6.—Same—Damages not Recoverable—Overflow.

Damages to the landowner resulting from a defectively constructed railroad embankment, causing an overflow, can not be recovered in a proceeding to condemn land for a right of way, since the statute provides how railroads shall be constructed, and for such damages by overflow there is a remedy by suit at law.

. Appeal from the County Court of Hardeman. Tried below before Hon. W. J. Jones.

*Osborne, Marshall & Hall* and *Bowyer & Tillett,* for appellant.— 1. Having submitted a special issue to the jury, the court can not receive an incomplete and partial answer to same from the jury, and supplement the incomplete finding by his own findings, so as to make the answer sufficiently complete to enable judgment to be rendered thereon. Rev. Stats., arts. 1327, 1331; Galveston, H. & S. A. Ry. Co. v. Botts, 55 S. W. Rep., 515; Railway Co. v. Mackney, 83 Texas, 410; Kerr v. Hutchins, 46 Texas, 385; Investment Co. v. Barclay, 64 S. W., 90; Raines v. Callaway, 27 Texas, 678; Loan Agency v. Hunter, 35 S. W. Rep., 399; Dubose v. Battle, 34 S. W. Rep., 148.

2. The court erred in giving the special charge asked by plaintiff, as follows: "In estimating the damages, if any sustained, and the benefits, if any received by the defendant Kirby, by reason of the condemnation of a right of way across defendant's land by plaintiff, you are to take into consideration, as a fact, that said railway was constructed and in operation through the Kirby community, that is through Kirby's and adjacent lands, on the right of way condemned, and sought to be condemned for railway purposes of plaintiff. I therefore charge you as the law that you may consider in estimating the damages, if any, sustained by defendant, the proposed construction of a depot and switches at the intersection of plaintiff's railway and that of the Denver Railway, and if you find from all the evidence before you that the special injuries sustained by defendant Kirby are no greater than the special benefits received by Kirby, by reason of the proposed erection of a depot and switches at the place designated, then you will find for the plaintiff

railway, provided that in any event you will find for the defendant the market value of the 5.23 acres of land actually taken for right of way." This was on the weight of evidence. Byers v. Maxwell, 54 S. W. Rep., 789.

3. As to the proper determination of values in a condemnation proceeding counsel cited: Pochilla v. Calvert W. & B. V. Ry. Co., 72 S. W. Rep., 255; Atwell v. Watkins, 36 S. W. Rep., 103; Lenney v. Wood, 66 Texas, 28; Railway Co. v. Fuller, 63 Texas, 471; Railway Co. v. Eddings, 70 S. W. Rep., 98; Railway Co. v. Downie, 82 Texas, 383; Railway Co. v. Hughes, 73 S. W. Rep., 976.

*H. C. Hord, Fires & Decker* and *Duncan G. Smith,* for appellee.— 1. The court in his general and special charges to the jury laid down the correct rule for assessing damages to remainder of appellant's two tracts of land resulting from the appropriation of 5.23 acres thereof by appellee for right of way purposes. Sayles' Civ. Stats., art. 4461, 4462; Railway Co. v. Ferris, 56 Texas, 588; McDonald v. Texas & P. R. R. Co., 1 U. C., 191; Railway v. Mohl, 37 S. W. Rep., 22.

2. The court properly received the special verdict of the jury, and entered judgment thereon, because the case was submitted on special issues upon the application of appellee, the special issues covered the only points in the case, and were fully and sufficiently answered by the special verdict of the jury. Sayles' Civ. Stats., art. 4468; Parker v. Fort Worth & D. C. Ry. Co., 84 Texas, 333; Ledyard v. Brown, 27 Texas, 406; Menard v. Sydnor, 29 Texas, 259; Mix v. Lafayette, 67 Ill., 319; Jones v. Chicago Ry. Co., 68 Ill., 380; Mills on Eminent Domain, sec. 167.

SPEER, Associate Justice.—This is a condemnation proceeding instituted by appellee against appellant, and the appeal is from a judgment in the County Court awarding appellant $1203.51.

After instructing the jury by general and special charges, the court submitted to them for determination the following special issues: "(1) What was the market value of the 5.23 acres of land at or just before the appropriation of same for roadbed and right of way purposes on the 12th day of April, 1902? (2) What was the market value of the residue of defendant's body of land at or just before the condemnation and appropriation of said 5.23 acres by appellant? (3) What was the market value of the residue of defendant's body of land just after the appropriation by plaintiff of said 5.23 acres?" The jury answered the first two questions, "$12 per acre," and the third, "$10.65 per acre," and upon this verdict the court proceeded to render judgment for the amount of $1203.51, as aforesaid.

It is insisted that the answers of the jury were not responsive to the special issues submitted, and were incomplete, and therefore the court erred in receiving and entering judgment on them. It is clear that within itself the verdict does not authorize judgment for any amount whatever, and that the court looked beyond it in entering the judgment he did. DuBose v. Battle, 34 S. W. Rep., 148; Galveston, H. & S. A. Ry. Co. v. Botts, 22 Texas Civ. App., 609, 55 S. W. Rep., 514; Oriental Investment Company v. Barclay, 25 Texas Civ. App.,

543, 64 S. W. Rep., 80. It is not a case for the application of the rule that a cause will not be reversed for the failure of the court to submit an issue where there has been no request for such submission, because the court did submit these special issues in a manner satisfactory alike to both parties, but the difficulty is that the answers are not responsive and practically no answers at all. We apprehend the court arrived at the amount of the judgment upon a basis of eight hundred and fifty acres, the amount of land alleged by the appellee to be in appellant's farm. But in this statutory proceeding there is nothing to require such an allegation in the petition, and we do not think the owner can be thus limited in his recovery of damages to his entire tract by reason of the condemnation of a right of way through it. The demand of the statute with reference to the description required in the statement to be filed with the county judge, is, that it shall "state in writing the real estate and property sought to be condemned, the object for which the same is sought to be condemned, the name of the owner thereof and his residence, if known." Sayles' Civ. Stats., art. 4447. Upon the filing of this statement the county judge is required to appoint three disinterested freeholders as commissioners to assess the damages, who, after having issued a notice in writing to each of the parties of the time and place selected for the hearing, are authorized to proceed to fully hear said parties, and to assess such damages as will be sustained by the owner. And while it is provided that, "If either party be dissatisfied with the decision of such commissioners he may, within ten days after the same has been filed with the county judge, file his opposition thereto in writing, setting forth the particular cause or causes of his objection, and thereupon the adverse party shall be cited; and said cause shall be tried and determined as in other civil causes in said court," still we find nothing in the statute that would require either party in his pleadings to define the limits or extent of the holding of the owner whose property is sought to be condemned. This we take to be a matter wholly of proof. For it is contemplated by the very letter and spirit of the statute that the owner is entitled to recover, not only the market value of the land actually taken, but in addition thereto, the damages sustained as to the remaining portion. In this case there is no admission that appellant's land consisted of only eight hundred and fifty acres, and there is evidence indicating that it contained much more. To allow him damages upon eight hundred and fifty acres only is to compensate him in part only for the loss sustained.

There was also error in the following part of the court's charge: "I therefore charge you as the law that you may consider, in estimating the damages, if any, sustained by defendant, the proposed construction of a depot and switch at the intersection of the plaintiff's railroad and that of the Denver Railroad," etc. This charge is clearly upon the weight of the evidence, in that it assumes that the proposed construction of a depot and switches at the intersection of the plaintiff's railroad and that of the Denver Railroad constitutes a special benefit to appellant's land. At most, it is a question of fact to be determined by the jury trying the case what is or is not a special benefit. Under the facts, as the record is presented to us, it is extremely doubtful

if the erection of a depot and switches at the point designated, which is one-half a mile from appellant's land, can in any event be considered a special benefit. Rather, we think it is one of those benefits which appellant receives in common with the community generally. This benefit is by virtue of the fortuitous circumstance of the depot's being located in his vicinity, and not in any sense because of the condemnation of, and the construction of the railroad across, his particular parcel of land. He would receive this benefit if the railroad never crossed his land, and could not of course be required to pay for it. Why, then, should he be required to pay merely because a part of his land is condemned for right of way, to the injury of the remaining portion? Pochilla v. Railway, 31 Texas Civ. App., 398, 72 S. W. Rep., 255, and authorities there cited.

It follows from this that the court erred in admitting the testimony complained of in the seventh, eighth, ninth and tenth assignments of error, relating to the proposed establishment of a depot and town at the intersection of the two roads.

We understand the statute to lay down a clear rule of damages in this character of case, which itself will constitute a sufficient guide for the trial court upon another trial. Article 4459 is: "Said commissioners shall hear evidence as to the value of the property sought to be condemned, and as to the damages which will be sustained by the owner thereof by reason of such condemnation, and as to the benefits that will result to the remainder of such property belonging to such owner, if any, by the construction and operation of such railroad, and shall according to this rule assess the actual damage that will accrue to such owner by said condemnation." Article 4461 provides: "In estimating either the injuries or the benefits when only a portion of a person's real estate is condemned, the commissioners shall estimate the injuries sustained and the benefits received thereby by the owner as to the remaining portion of such real estate; whether such remaining portion is increased or diminished in value by such condemnation, and the extent of such increase or diminution, and shall assess the damages accordingly." And finally, article 4462 declare, that, "In estimating either the injuries or the benefits, as provided in the preceding article, those injuries or benefits which the owner of such real estate sustains or receives in common with the community generally, and which are not peculiar to him and connected with his ownership, use and enjoyment of the particular parcel of land, shall be altogether excluded for such estimate." When tested by the rule as here laid down, the charge of the court in this case in several respects is erroneous, but we deem it unnecessary to call further attention to the same.

The testimony elicited from the witnesses Neece, Williams and others with reference to the extent of the injury to appellant's lands if considered as segregated, and as separate parcels, was probably admissible upon cross-examination. We think, however, there was error in allowing the witness Pyron to testify as to particular purchases made by him, unless it had been further shown that these lands were similar in situation and otherwise to those of appellant.

The court should not have heard testimony one way or another as to the damage to the one hundred acres of wheat land, caused to overflow

by the construction of appellee's embankment. The statute requires every railway company in the construction of its line, to provide necessary culverts and sluice ways, and for any failure so to do an injured party has his remedy in a suit at law. Such issue is independent of, and should not be confounded with, a condemnation proceeding which contemplates a proper construction and operation of the proposed railway. Gregory v. Gulf, etc., Railway Company, 54 S. W. Rep., 617.

As the case is now presented to us, there is practically but one question to be presented to the jury upon another trial, and that is, the amount of appellant's damages, to be determined by the rule of the statute above quoted, for in the present state of the evidence, there is little or no testimony tending in any way to show any special benefits to appellant's land by reason of the condemnation and use of the right of way in question.

For the errors discussed, the judgment is reversed and cause remanded for another trial.

*Reversed and remanded.*