ROUTH et al. v. TEXAS TRACTION CO.

(Court of Civil Appeals of Texas. Dallas. June 8, 1912.)

1. EMINENT DOMAIN (§ 146*) — CONDEMNA-TION PROCEEDINGS—DAMAGES—OFFSET OF BENEFITS.

In order for the benefits conferred by the building of a railroad to offset damages that accrue by reason of the condemnation of the right of way, they must apply to the particular property damaged, and not be such benefits as are generally shared in by other property in the neighborhood.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 390–393; Dec. Dig. § 146.*]

2. EMINENT DOMAIN (§ 124*) — CONDEMNA-TION PROCEEDINGS—MEASURE OF DAMAGES.

Where a railroad company wrongfully took possession of land, and constructed its road without having paid or deposited the amount awarded by the commissioners, the measure of damages for the land taken was its market value at the date of the trial, and not its lesser value at the date it was taken.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 332–344; Dec. Dig. § 124.*]

3. EMINENT DOMAIN (§ 247*) — CONDEMNA-TION PROCEEDINGS—INTEREST ON DAMAGES —PLEADINGS.

Where the landowners' pleading in proceedings to condemn a railroad right of way did not ask for interest upon the amount of damages allowed and none was awarded by the jury, the court had no right to give judgment therefor.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 638–643; Dec. Dig. § 247.*]

4. EMINENT DOMAIN (§ 247*) — CONDEMNA-TION PROCEEDINGS—INTEREST AS DAMAGES.

Where land condemned for a railroad right of way was assessed at its increased value at the time of the trial, the owners were not entitled to interest from a prior time at which the railroad company went into possession.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 638–643; Dec. Dig. § 247.*]

5. EMINENT DOMAIN (§ 136*) — CONDEMNA-TION PROCEEDINGS—DAMAGES.

The fair cash market value of land condemned for a railroad right of way is not the market value of the strip taken when considered by itself, but is its value as a part of the tract of which it forms a part.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 363–366; Dec. Dig. § 136.*]

Appeal from Collin County Court; H. L. Davis, Judge.

Condemnation proceedings by the Texas Traction Company against Mrs. L. A. Routh and others. From the judgment on the commissioners' award, the landowners appeal. Reversed and remanded.

G. R. Smith and F. E. Wilcox, both of McKinney, for appellants. J. R. Gough and Abernathy & Abernathy, all of McKinney, for appellee.

RAINEY, C. J. This suit was brought by appellee to condemn a certain strip of land owned by appellants for right of way of its interurban railroad track. The county judge appointed commissioners to assess the damages, and they awarded the sum of $900, to which appellants objected for the reason that the award was too small. A trial was had on the issues joined, and the jury rendered a verdict for $861.70, and apportioned said amount among the owners of the land, and judgment rendered accordingly. From this judgment the owners of the land have appealed.

Appellants' first assignment of error is: "The verdict of the jury is contrary to the law and evidence, in this: (a) The great weight of the evidence shows that the land sought to be condemned was worth approximately $100 per acre, and the defendants were damaged thereby to the extent of $1,-

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

100. (b) The undisputed evidence shows that the operation and construction of plaintiff's interurban road through defendants' land at the place in question caused many inconveniences which greatly diminished the value of the remainder of the tract of land, and the jury did not allow any damage whatever for these special injuries, which were established by undisputed testimony. (c) The undisputed evidence shows that the defendants did not receive any special benefits from the construction and operation of plaintiff's road through their land which would offset in whole or in part any special injuries sustained. (d) The verdict of the jury is contrary to all the evidence in the case, and is not supported by any evidence in the case in so far as the amount is concerned. The damage awarded being entirely too little and not supported by any evidence, (e) the jury found in their verdict in part as follows: 'We also find that any damage done by said company constructing its road thereon is fully offset by enhancing the value of the remaining land not taken.' And this finding of the jury is not authorized by law nor the charge of the court; the evidence showing that the remainder of said land did not receive any special benefits by the construction of said road." The contention is that "the undisputed evidence shows that the operation and construction of plaintiff's interurban road through defendants' land at the place in question caused many inconveniences which greatly damaged the value of the remainder of the tract of land known as the Routh home place, and the jury did not allow in their verdict any damages for these special injuries."

[1] The jury by their verdict, among other findings, say: "We also find that any damage done by said company constructing its road thereon is fully offset by enhancing the value of the remaining land not taken." There was testimony to the effect that appellants' land, other than that taken, had been specially damaged, but there is no testimony showing that the construction of the road had conferred any benefit other than the increase in the value of the remaining land, and this increase in the value of land was common to all land in that community, so this increase cannot be considered as an offset to any special injury done the remainder of the land. In order to offset damages that accrue by reason of the condemnation of land, the benefits conferred by building of the road must apply to the particular property damaged, and not such benefits as are generally shared in by other property in the neighborhood. Railway Co. v. Fuller, 63 Tex. 467; Pochila v. Railway Co., 31 Tex. Civ. App. 398, 72 S. W. 256; Kirby v. Railway Co., 39 Tex. Civ. App. 252, 88 S. W. 281; Railway Co. v. Bell, 130 S. W. 635. In the particular indicated the verdict of the jury was contrary to the evi-

dence, which requires a reversal of the judgment.

[2] The appellee asked in the event of a reversal that we consider its cross-assignment of errors which in effect is that the trial court erred in holding that the measure of damages of the land taken was its market value at the date of the trial. The contention is that the instruction should have been to find the market value of the land at the time appellee went into possession of same and constructed its railroad thereon. The petition to condemn the land for right of way was filed April 12, 1907. Commissioners were appointed who made and filed award on August 12, 1907, and on said last date the contest was filed. On May 12, 1911, the verdict and judgment was rendered.

We are of the opinion that there was no error in the holding of the trial court on this question. The railroad never paid nor deposited the amount awarded by the commissioners, but took possession and constructed its road over the land and its possession was illegal until the trial. In Railway Co. v. Ruby, 80 Tex. 172, 15 S. W. 1040, Slayton, C. J., speaking for the court, said: "The rule is believed to be universal that compensation must be estimated by facts existing at the time the land is taken, though there is some diversity of opinion as to whether this occurs when the proceedings to condemn are instituted or at time of trial. The latter view we think correct in its practical application, though strictly there can be no 'taking' within the meaning of the law until the party seeking to condemn has been adjudged to be entitled and has paid or secured the compensation fixed." The occupancy of the land by appellee was wrongful and no benefit accrued to it by reason of such holding. Railway Co. v. Cave, 80 Tex. 137, 15 S. W 786.

[3, 4] Appellants' fourth assignment is. "The court erred in refusing to amend, reform, and re-enter the judgment herein so as to allow the defendants 6 per cent. interest as damages upon the amount of damages allowed by the jury and tax all costs against the plaintiff, and erred in overruling the defendants' motion asking that this be done." No interest was asked for in the appellants' pleading, and none awarded by the verdict of the jury. Under these circumstances, the court did not have the right to give judgment therefor. Besides, the value of the land was assessed at the time of the trial, and, it being shown that its value had increased, appellants were not entitled to interest in this suit prior to that time.

[5] The eighth assignment is: "In determining the fair cash market value of the land taken for plaintiff's right of way, the jury are instructed by this is not meant what the strip of land taken by the right of way by itself would be worth in the market, but, as a part of a piece of land owned by

defendants, and of which it formed a part, what would be the fair cash market value per acre for such land, and allow the defendants at such rate for the number of acres taken." This charge states a correct principle of law, and under the evidence should have been given.

What has been said is sufficient to guide the court on another trial, and the discussion of the other assignments becomes immaterial.

The judgment is reversed, and cause remanded.