HOUSTON BELT & TERMINAL RY. CO. v. DOOLEY.

(Court of Civil Appeals of Texas. El Paso. Oct. 23, 1913. On Rehearing, Nov. 20, 1913.)

1. EVIDENCE (§ 142*)—OTHER SALES—CONDEMNATION—DAMAGES TO ADJACENT PROPERTY—EVIDENCE OF VALUE.

In an action for damages from the construction of railroad tracks near plaintiff's city property, evidence of the price paid by another for other property in the same block and of an offer received on same is properly excluded, where the various matters entering into the value of the two properties are very dissimilar.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 416–423; Dec. Dig. § 142.*]

2. APPEAL AND ERROR (§ 1058*)—HARMLESS ERROR—EXCLUSION OF EVIDENCE.

The exclusion of defendant's evidence of value in an action for injuries to nearby property from the construction of railway tracks, if error, was harmless, where the value of plaintiff's property before and after the construction was fully developed by defendant's other evidence.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4195, 4200–4204, 4206; Dec. Dig. § 1058.*]

Appeal from District Court, Harris County; Chas. E. Ashe, Judge.

Action by Francis F. Dooley against the Houston Belt & Terminal Railway Company. From a judgment for plaintiff, defendant appeals. Affirmed, and motion for rehearing overruled.

Andrews, Ball & Streetman, of Houston, for appellant. S. H. Brashear, of Houston, for appellee.

HIGGINS, J. This suit was brought by Francis F. Dooley, plaintiff, against the Houston Belt & Terminal Railway Company, defendant, to recover damages alleged to have been sustained by her by reason of the construction of railroad tracks near certain property owned by her at the intersection of Texas and Hutchins streets in the city of Houston, and the operation of trains thereon, and the alleged consequent depreciation in value of said premises. Upon trial before a jury a verdict in plaintiff's favor was returned in the sum of $750, upon which judgment was rendered, and from which this appeal is prosecuted.

[1] There is but one assignment of error in the record. This complains of the exclusion of certain testimony of defendant's witness Kapner, upon direct examination, as to the price paid by him and Captain James A. Baker for certain property situate in the same block in which plaintiff's property was situate, and of an offer to purchase the same which they thereafter received. The witness, if permitted to do so, would have testified that he and Captain Baker paid $1,500 for their property a few months before the laying of defendant's tracks, and that just after the tracks were placed there and trains operating thereon, he and Captain Baker were offered $10,000 for the three lots owned by them. There is a marked conflict of opinion as to the competency of evidence of the character noted, upon direct examination, to show the market value of a particular tract of land. In some jurisdictions the evidence is admissible, provided the sales or offers of purchase were made sufficiently near the time at which the value of the land in question is to be determined, and the lands present the same similarity of condition as respects the elements affecting value. It was so held by the San Antonio Court of Civil Appeals in the case of Sullivan v. Railway Company, 29 Tex. Civ. App. 429, 68 S. W. 745. Under the evidence here it does not occur to us that the various matters which should be considered in estimating values with reference to plaintiff's property and the Kapner property were so similar as to authorize the admission of the testimony referred to. Newbold v. Railway Co., 34 Tex. Civ. App. 525, 78 S. W. 1079; Dennis v. Ry. Co. (Tex. Civ. App.) 94 S. W. 1092; Kirby v. Ry. Co., 39 Tex. Civ. App. 252, 88 S. W. 281; Koppe v. Koppe, 57 Tex. Civ. App. 204, 122 S. W. 68; Haney v. Clark, 65 Tex. 93.

[2] Furthermore, there is a mass of opinion testimony in the record offered in behalf of the appellant by real estate men, showing the value of plaintiff's property before and after the construction of the railway tracks and operation of trains thereon, and in this respect the case seems to have been most fully developed. In this state of the record this court is not of the opinion that the exclusion of the testimony, if conceded to be erroneous, was such a denial of appellant's rights as was reasonably calculated to cause

the rendition of an improper judgment, and probably did not cause the rendition of an improper judgment, and, under the provisions of rule 62a for the government of the Courts of Civil Appeals (149 S. W. x), the judgment should be affirmed.

It is therefore so ordered.

### On Rehearing.

Appellant criticizes the statement in the original opinion of the scope of the assignment of error urged. Our statement of the complaint made was based upon the bill of exception, to which we are referred by the assignment, and the bill of exception complains of the exclusion of testimony, as stated in the opinion. However, the propositions presented in the brief do not relate to all of the excluded testimony, and it seems that appellant's complaint was directed only to the exclusion of testimony of Kapner, as to the price paid by him for property situate in the same block in which plaintiff's property was situate, before the tracks complained of were constructed. In deference to appellant's request that we correct our statement of the complaint made by them, we now do so as indicated.

We adhere to the view, however, that the exclusion of the testimony, if conceded to be erroneous, was not such a denial of appellant's rights as was reasonably calculated to cause the rendition of an improper judgment, and that same probably did not so operate. The motion for rehearing is therefore overruled.