HOUSTON BELT & TERMINAL RY. CO. v. WILSON. (No. 454.)

(Court of Civil Appeals of Texas. El Paso. May 13, 1915. Rehearing Denied June 3, 1915.)

1. EVIDENCE ⊂⊃142—VALUE OF OTHER PROPERTY.

In an action for depreciation of value of real estate by the construction of railroad tracks, exclusion of evidence as to value of adjoining property was not erroneous, where such property was dissimilar to that of plaintiff.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 416–423; Dec. Dig. ⊂⊃142.]

2. EMINENT DOMAIN ⊂⊃298—DAMAGES—EVIDENCE.

In an action for depreciation of the value of real estate by railroad construction, evidence, in rebuttal of testimony by a witness who lived across the street from plaintiff, that he suffered no inconvenience or discomfort, *held* admissible.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 807; Dec. Dig. ⊂⊃298.]

3. EMINENT DOMAIN ⊂⊃298—DAMAGES—EVIDENCE.

In an action for depreciation of value of real estate by railroad construction, evidence of depreciation in rental value after the construction of the railroad was admissible.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 807; Dec. Dig. ⊂⊃298.]

4. TRIAL ⊂⊃121—ARGUMENT OF COUNSEL—DEDUCTIONS FROM EVIDENCE.

In an action for depreciation of value of real estate by railroad construction, argument of plaintiff's attorney that the property involved had remained stationary while other property had advanced in value, being made, not as a statement of fact, but as a deduction from the evidence, was not improper.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 294–298, 300; Dec. Dig. ⊂⊃121.]

Appeal from District Court, Harris County; A. R. Hamblen, Special Judge.

Action by Mrs. Mollie F. Wilson against the Houston Belt & Terminal Railway Company. From a judgment for plaintiff, defendant appeals. Affirmed.

See, also, 165 S. W. 560.

Andrews, Streetman, Burns & Logue, of Houston, for appellant. Hutcheson & Hutcheson, of Houston, for appellee.

HIGGINS, J. Mrs. Wilson sued appellant to recover damages for an alleged depreciation in the value of certain property owned by her in the city of Houston, claimed to have been caused by the construction of railroad tracks near her property and the operation of trains upon same. Verdict was returned and judgment rendered in her favor in sum of $1,500, from which the defendant appealed.

The sufficiency of the evidence to support the verdict and judgment is questioned. There is ample evidence in the record that the construction of the tracks and operation of trains thereon in proximity to plaintiff's property has resulted in the inconveniences and annoyances complained of, and that there has been a depreciation in value of her property in consequence thereof. It would be a useless incumbrance of the record to quote it. It is quite true there is an abundance of evidence to the contrary, but the jury is the exclusive judge of the facts proven, the credibility of the witnesses, and the weight of the evidence, and there is nothing whatever to indicate in this case that it has abused the function vested in it. The assignment is overruled as being wholly and completely without merit.

[1] Plaintiff's premises consisted of parts of two lots fronting 92 feet on Broadway street and 89 feet on Texas avenue, upon which was situate a 16-room dwelling house or double flat. Appellant proved by the witness Tarpey that, about three years prior to construction of the tracks complained of, he bought from plaintiff's husband and predecessor in title a tract of land 36 feet wide by 125 feet adjoining plaintiff's, upon which

there was a 6-room cottage. It then offered to prove by the witness that he paid $2,500 for said property. Upon objection, this testimony was excluded. The character of the improvements and size of the tracts and location in block were not so similar as to exclude all collateral considerations which may properly be considered in determining the relative values of the two properties. Plaintiff's property was a large corner lot 89x92, with a 2-story 16-room flat thereon, whereas Tarpey's property was an inside lot 36x125, with a 6-room cottage thereon. The price paid for the latter could afford no proper criterion of the value of the former. Furthermore there is an abundance of evidence in the record by real estate men showing the value of plaintiff's property before and after the construction of the tracks and operation of trains thereon, and in this respect the case seems to have been fully developed. In this condition of the record, the exclusion of the evidence, if erroneous, would not be regarded as reversible error. Rule 62a; Houston, etc., v. Dooley, 160 S. W. 594.

[2] The testimony of the witness Long was properly admitted in rebuttal of the witness Cutting. Cutting had testified that he lived just across the street from plaintiff's property and experienced no inconvenience, discomfort, or annoyance of any kind from the operation of the trains upon defendant's tracks. Long's testimony tended to rebut this evidence. It was the jury's province to make proper allowance for the difference in location.

[3] Evidence was admitted to show a depreciation in the rental value of plaintiff's property after the construction of the tracks and operation of defendant's trains thereon. This was proper. Damage was sought for a permanent injury to the realty, and in such case it is permissible for the owner to show a depreciation in its rental value, resulting from the unlawful act complained of. It tends to show a depreciation in the value of the thing itself. Under the authorities in this state, the evidence was clearly admissible. Railway Co. v. Molloy, 64 Tex. 613; Railway Co. v. O'Connor, 51 S. W. 511.

[4] Plaintiff's attorney, in his opening argument to the jury, stated that the property involved in this suit had remained stationary while other property in the city had advanced rapidly in value. When this statement was made, appellant's attorney excepted thereto upon the ground that it was improper and prejudicial, as there was no evidence to justify the statement or argument. The bill of exception upon this matter was qualified by the court as follows:

"That the statement of plaintiff's counsel complained of was not a statement of fact, but an argument on the evidence, and was a statement by him of his recollection of the evidence, and plaintiff's attorney, both in his opening argument and in the closing argument, made it plain to the jury that upon the questions of evidence they were the sole and exclusive judges, and that they must depend for the evidence in the case upon their own recollection of the evidence in the case, and defendant's attorney, in his argument replying to plaintiff, argued that there was no evidence that the value of plaintiff's property had remained stationary, but, on the contrary, plaintiff's property had advanced greatly in value, and plaintiff's attorney in his closing argument replied in kind, taking the opposite position."

We do not deem the argument as at all improper in view of the evidence. It was not made as a statement of fact, but as a deduction from the evidence, and from plaintiff's viewpoint, warranted thereby.

The verdict is not excessive in amount. The evidence would support a larger one.

Affirmed.