FOSTER et al. v. ATLIR et al. (No. 495.)*

(Court of Civil Appeals of Texas. El Paso. Dec. 16, 1915. Rehearing Denied Jan. 13, 1916.)

1. APPEAL AND ERROR ☞724—ASSIGNMENTS OF ERROR—SPECIFICATION.

Appellants' assignment that the court erred in rendering judgment for the plaintiffs, not being made a distinct ground in the motion for new trial, and being too general in not distinctly specifying the ground relied on, will be considered as waived, unless the error in entering judgment on the findings of fact was so fundamental that the court would act on it without an assignment.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2997–3001, 3022; Dec. Dig. ☞724.]

2. APPEAL AND ERROR ☞934 — PRESUMPTIONS FAVORING COURT BELOW — FAILURE TO SUBMIT ISSUE—STATUTE.

Under Rev. St. 1911, art. 1985, providing that upon appeal an issue not submitted and not requested by a party to the cause shall be deemed as found by the court in such manner as to support the judgment if there be evidence to sustain such a finding, where, in an action to recover for an alleged deficiency between the amount of property agreed to be exchanged and that actually given appellees by appellants, the court submitted no issue to the jury as to the value of the personalty given by appellants, and they requested submission of no such issue, the Court of Civil Appeals will presume that the trial court estimated the reasonable value of the personalty, present a margin of value within the proof from which it might be presumed that the court below found, or at least estimated, such value.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3777–3782; Dec. Dig. ☞934.]

3. TRIAL ☞351—REQUEST FOR SUBMISSION OF SPECIAL ISSUE — CHARACTER AND TIME FOR MAKING.

A request to submit an issue should be clear and specific, made before or at the time the issues are submitted, and not confused as an objection to the entry of judgment or to the charge.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 829, 834–839; Dec. Dig. ☞351.]

4. EXCHANGE OF PROPERTY ☞13 — INCONSISTENT FINDINGS.

In an action to recover for a deficiency in property received in exchange, findings that an agreed value was placed on one property, and that no such value was placed on the other, were not so inconsistent as to prevent entry of judgment.

[Ed. Note.—For other cases, see Exchange of Property, Cent. Dig. §§ 25–29; Dec. Dig. ☞13.]

5. JUDGMENT ☞256—FINDINGS—CERTAINTY.

In an action to recover for a deficiency in property received in exchange, where the jury fixed a definite actual value to plaintiffs' property, and a definite value per acre to the ranch lands actually conveyed in exchange by defendants, and a definite value per acre to the shortage in acreage, and a definite value per acre to the acreage to which the title had failed, such findings were sufficiently definite to support the judgment for plaintiffs entered upon them, though there was confusion in the questions which elicited them.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 446–454; Dec. Dig. ☞256.]

6. EXCHANGE OF PROPERTY ☞8—DEFICIENCY —MEASURE OF DAMAGES.

In an action to recover for a deficiency in property received in exchange, the correct measure of damages was the difference in the actual value of the property conveyed by plaintiffs and the value of the properties received by them, irrespective of the contract valuation of their property.

[Ed. Note.—For other cases, see Exchange of Property, Cent. Dig. §§ 14–18; Dec. Dig. ☞8.]

7. TRIAL ☞352 — SPECIAL INTERROGATORY — IMPROPRIETY AS STATING CONCLUSION OF FACT.

In an action to recover for a deficiency in property received in exchange, an interrogatory asking the jury simply to state the value of the property plaintiffs conveyed, and then, assuming that the jury had fixed some value, asked them, if they should assume the value fixed on plaintiffs' property to be the actual value of defendants' properties, what sum would they say would be the actual value of the shortage in acreage of the land conveyed by defendants, was not improper as stating a conclusion of fact by the court as to the actual value of defendants' ranch and other properties.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 840–842, 844, 845; Dec. Dig. ☞352.]

8. APPEAL AND ERROR ☞930—PRESUMPTIONS —OBEDIENCE OF JURY TO INSTRUCTION.

It must be presumed on appeal that the jury excluded evidence from consideration as instructed, unless the contrary appears.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3755–3761; Dec. Dig. ☞930.]

9. EXCHANGE OF PROPERTY ☞8—EXCHANGE OF REALTY—REMEDIES—RIGHT OF ACTION.

Where plaintiffs, who exchanged lands for the realty and personalty of defendants, before eviction sued to recover damages on account of a failure of title to part of defendants' conveyance, the rule of the state where the land lay that there can be no action upon a covenant of warranty until after eviction had no application to bar plaintiffs' suit for fraudulent representations inducing them to make the contract.

[Ed. Note.—For other cases, see Exchange of Property, Cent. Dig. §§ 14–18; Dec. Dig. ☞8.]

10. EVIDENCE ☞142 — VALUE OF LANDS — VALUE OF OTHER LANDS.

Upon proper predicate that the situation, improvements, etc., of the lands are similar, the value of one parcel may be given in evidence of the value of the other.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 416–423; Dec. Dig. ☞142.]

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Application for writ of error pending in Supreme Court.

11. APPEAL AND ERROR ⬤⟿1058 — HARMLESS ERROR—EXCLUSION OF EVIDENCE.

In an action to recover damages for a deficiency in property exchanged, where witnesses had qualified as to their knowledge of the value of plaintiffs' property, and had testified directly as to its value, the exclusion from evidence of their testimony, for which proper predicate had been laid, of the value of other lands near by, tending to show the value of plaintiffs', was harmless, if erroneous.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4195, 4200–4204, 4206; Dec. Dig. ⬤⟿1058.]

Appeal from District Court, El Paso County; P. R. Price, Judge.

Action by John Atlir and another against Frank Foster and another. Judgment for plaintiffs, and defendants appeal. Affirmed.

Jones, Jones & Hardie and J. M. Nealon, all of El Paso, for appellants. Davis & Goggin, of El Paso, for appellees.

WALTHALL, J. On the 10th day of October, 1909, appellees and appellants entered into a written contract by the terms of which appellees agreed to convey by warranty deed to appellants lots 1, 2, and 3 in Old Ft. Bliss, in the city and county of El Paso, Tex., upon which there was an indebtedness of $3,026, and which appellants assumed to pay, for which property appellants agreed to convey by warranty deed to appellee John Atlir their ranch property, consisting of real estate and personal property situated in Dona Ana county, N. M., all fully described, and, in addition, pay to appellees $500 in cash and execute their promissory note for $500. In said contract it is agreed that, should it be decreed in a suit then pending in New Mexico that title to any part of said land is not in the appellants, they should recompensate him in the sum of $100 per acre for each acre to which such decree should hold appellants to be not entitled. This suit was brought by appellees against appellants alleging false representations as to the acreage contained in the tract of land conveyed, and that said tract was partly in conflict with other surveys to which appellants had not title; that damages had resulted to them from an alleged shortage in acreage to the extent of 32.11 acres of land, and failure of title as to 17.38 acres. Appellees alleged that in making the exchange of said properties the parties had agreed on the respective values of said properties, appellees' Old Ft. Bliss property being valued at $25,000, and appellants' ranch land property was agreed to be valued at $100 per acre, and the personal property on the ranch was agreed to be valued at $5,874; that the ranch personal property was of a value much less than the value agreed upon; that by reason of said shortage in acreage of 32.11 acres and failure of title to 17.38 acres in the land actually conveyed the difference between the value of the land received by appellants and the money and property received by appellees on the basis of said agreed values per acre was $5,100 in appellants' favor. Appellees prayed that they recover said $5,100 as damages, and in the alternative that they recover such sum as damages as the evidence may show will compensate them for the loss sustained, or that they recover for the shortage in acreage at the rate of $100 per acre, with interest; that they have a decree for a lien upon the property conveyed; that the lien be foreclosed; and for general relief. Appellants answered by general and special exceptions; alleged title in appellees by limitation, that under the laws of New Mexico appellees could not recover for breach of warranty until there had been an eviction, and that appellees had not been evicted; denied the allegations of fraud to deceive, or that they represented that the ranch contained 151 acres, or that the value was $15,100, or their knowledge that it contained a less acreage, or that title to part had failed, or that they represented that said ranch was worth $100 an acre; denied any agreed valuation of $100 per acre, and alleged that the exchange was made on the basis of the tract of land without regard to acreage; denied that the personal property was taken at an agreed valuation, or that appellees' property was taken at a valuation of $25,000. The matters pleaded will be stated later, if necessary to do so. The pleadings are quite lengthy, and we believe that a statement of the issues made in the pleadings under the assignments to which they refer will be best understood. The jury found for the appellees' upon special issues, and the court entered judgment against appellants as damages in the sum of $3,086 and for a reformation of the deed from appellants to appellees, and decreed that appellant have an equitable lien in the nature of a vendor's lien on the property conveyed by appellees to secure the payment of the money judgment.

[1] Appellants' first assignment of error, that "the court erred in rendering judgment for the plaintiff," is not made a distinct ground in the motion for a new trial, and is too general, in that it does not distinctly specify the ground relied on, and under the rules is considered as waived unless the error in entering judgment on the findings of fact is so fundamental that this court would act upon it without an assignment. The facts specified under the assignment as fundamental error are embraced in other assignments, and we prefer to consider them thereunder.

Appellees alleged that it was understood by the parties that in said exchange of properties, the appellants' ranch lands should be taken at $15,100, which, together with the personal property, estimated at a value of $5,874, and the $4,026 represented by the $500 note and $500 cash and the indebtedness of

$3,026 on appellees' property, assumed by appellants, made up the total consideration for appellees' property. These facts were denied by appellants in their answer.

[2] Proof was offered by both appellants and appellees as to the reasonable value of the personal property on the ranch conveyed by appellants, and there is a conflict in the evidence as to its value. The court did not submit to the jury the issue as to the value of the personal property. Appellants' second, seventh, and eighth assignments of error are practically the same, and directed to the overruling of appellants' written objections to plaintiffs' motion to enter judgment upon the special verdict; the grounds being that there should be no judgment entered upon the special issues for the reason that nowhere did the jury find the value of the personal property conveyed. The objection made is one of the grounds in appellants' motion for new trial. We take the assignment as being an objection to the entry of judgment, rather than an objection to the motion to enter judgment. To make the objection available as against the entry of the judgment, where the court did not submit all of the issues to the jury made by the pleadings, it should appear that its submission of the omitted issue was requested in writing by appellant; otherwise the issue not submitted and not requested to be submitted will be deemed as found by the court in such manner as to support the judgment, if there be evidence to sustain the finding. Revised Civil Statutes 1911, art. 1985. The objections referred to as applying to this assignment are as follows:

"Because the following issues and those to which attention is hereinafter raised should only be submitted to the jury for their determination: * * * (f) the difference in value between the plaintiffs' Old Ft. Bliss property and the defendants' Dona Ana county ranch, with $4,000.00 in cash added, and personal property on said ranch to the value of defendants' Dona Ana county ranch."

And in their fourth objection to the charge the following:

"Defendants object to interrogatory or special issue No. 14 submitted to the jury, because the same is submitted on an erroneous measure of damages, in this, that the measure of damages, if any, is the difference between the actual or fair, reasonable value of said Old Ft. Bliss property and the defendants' Dona Ana county, N. M., ranch, with $4,000 added, and personal property on said ranch thereto."

In answer to interrogatories Nos. 11 and 12 the jury found that in the exchange of properties an agreed valuation of $25,000 had not been placed on plaintiffs' property, and that an agreed value of $100 per acre was placed upon defendants' lands upon the basis of there being 151 acres, and the fourteenth issue submitted and referred to in appellants' fourth objection above is as follows:

"If you have answered interrogatories Nos. 11 and 12 in the negative, then the court submits to you this additional question: At the date of the conveyance of the Old Ft. Bliss property to defendants, what sum do you find from the preponderance of the evidence was the actual value thereof, less the incumbrance of $3,026 thereon?"

Evidently it was the duty of the court to submit to the jury, as an issue of fact to be found by them, the reasonable value of the personal property conveyed by appellants, as appellees had alleged it had an estimated value separate and apart from the land. But we do not construe the objections made to the court's charge as a request to the court to submit the issue either as to whether there was an agreed value at which the personal property was to be taken in the exchange of the properties or to find its fair, reasonable value.

[3] The request to submit the issue should be clear and specific and made before or at the time the issues are submitted to the jury, and not confused as an objection to the entry of judgment or to the charge. Appellant made no specific objection to the failure of the court to submit findings as to the value of the personal property in the motion for a new trial, other than to repeat the objection to the entry of judgment and to the charge, embraced in paragraph "f" above set out. But to authorize a money judgment for the value of personal property, under the pleadings that the personal property was conveyed at the agreed value alleged or the reasonable value, under the last clause of the statute above referred to, there must be evidence to sustain the finding whether the finding is made by the court or by the jury; otherwise the issue could not be "deemed as found by the court in such manner as to support the judgment." The court did not state a specific finding as to the value of the personal property apart from the realty. The evidence offered on the value of the personal property would sustain a finding of reasonable value at any sum from $500 to $2,300. Are the findings of the jury or the judgment entered in such sum as to presume a finding of the reasonable value of the personal property and a credit given in the judgment for any such value?

On the fourteenth issue submitted the jury found the actual value of the Old Ft. Bliss property conveyed by appellees to appellants, less the incumbrance of $3,026, to be $16,974, thereby virtually finding the value of the property conveyed to be $20,000. From the several findings of the jury it is shown that the appellees conveyed and gave in exchange for appellants' property, not indicating that any personal property on the New Mexico ranch was included, the following:

| | |
|---|---:|
| 151 acres of land, less 32.11 short in measurement, and less 17.38 to which there was a failure of title, making 101.51 acres received, of the value of $100.00 per acre.... | $10,151 00 |
| Cash ......................... | 500 00 |
| Note ......................... | 500 00 |
| Taxes paid.................... | 125 00 |
| Indebtedness assumed on Old Ft. Bliss property................. | 3,026 00 |
| | $14,302 00 |

—that is, for appellees' $20,000 worth of property they received $14,302, not including any personal property specifically stated other than that mentioned, making a difference in values of properties specified and exchanged of $5,698. The money judgment entered in appellees' favor was for the sum of $3,086, leaving a balance to be applied on the personal property on the New Mexico ranch of $2,-612, an amount in excess of what either Atlir or Foster testified its value to be. Appellees in their brief point to question and finding 15, as including the finding of the value of the personal property on the ranch, but the jury made no finding that included the personal property on the ranch, and the court, in submitting the issue, assumed a fact not submitted to nor found by the jury. The view we take of it is that, if there was error in not submitting the specific issue as to the reasonable value of the personal property on the ranch, the appellants, having made no request that the issue be submitted, are not in position to complain of the error, and from the judgment entered we must presume the court estimated the reasonable value of the personal property, as there was a margin of value within the proof from which we may presume the court found or at least estimated the value of the ranch personal property. The assignments are overruled.

[4] Appellees pleaded that the properties taken in exchange for their Old Ft. Bliss property were taken at an agreed value of $25,000. The jury found that appellees' property was not taken by appellants at the alleged agreed value of $25,000, and that appellants' ranch property was taken by appellees at an agreed value of $100 per acre. Both parties, however, offered evidence as to the fair, reasonable value of appellees' property, and the verdict of the jury as to the value of appellees' property is based on the reasonable actual value, and not on the alleged agreed value. Appellants' third assignment is that the trial court erred in overruling their written objection to appellees' motion to enter judgment on the jury's findings as to these values. The objection made is to the effect that the verdict is inconsistent, and that because of these findings no judgment can be entered. Appellants' proposition under this assignment is that "a contradictory verdict will not support a judgment." We see no inconsistency in these findings. To be consistent, it would not be necessary that the parties, in making their contract for an exchange of properties, should agree that each property should have an agreed value. The written contract by its terms suggested a possible failure as to title to the alleged number of acres in appellants' ranch, and it would be natural that the parties, in that event, should place an agreed value thereon per acre. The fact that the jury found that an agreed value was placed on one property, and not on the other, does not suggest inconsisten-

cy in their findings, and the finding of such facts would not, it seems to us, prevent the entry of a judgment. The assignment is overruled.

[5] Appellants complain in the fourth assignment that the verdict is so conflicting and so confused and unintelligible that it is impossible for the court to render a judgment thereon, and say that the confusion and conflicts arise in the answers of the jury to special questions 15, 24, and 25. The question submitted in issue 15 refers to the jury's response to No. 14. To question 14 the jury found that at the date of the conveyance of the Old Ft. Bliss property to appellees $16,-974 was the actual value thereof, less the incumbrance of $3,026 thereon. Interrogatory No. 15 is as follows:

"Assuming the sum you have fixed to the question just preceding to have been the actual value of the ranch and other considerations moving from the defendants to plaintiffs, if said ranch had contained 151 acres, as was represented, if it was represented to him to contain 151 acres, then what sum, in relation to the assumed actual value of said Foster and McCarthy's ranch, and other considerations moving from Foster and McCarthy to plaintiffs, would represent the actual value of the number of acres you have found in your answer to question No. 10 said Foster and McCarthy's ranch, as described in deed from defendants to plaintiffs, lacked of containing 151 acres, if, under the directions of the court, you have found it necessary to answer said question number ten."

To which the jury answered: "$3,211."

To the tenth interrogatory the jury had answered that the deed from Foster & McCarthy to Atlir lacked 32.11 acres of describing 151 acres.

Interrogatory 24:

"Assuming $15,000 to have been the actual value of the land, if it contained 151 acres, as represented, if it was so represented, what sum in relation to said assumed actual value of said ranch would represent the actual value of said 17.38 acres?"

The jury answered: "$1,738."

Interrogatory 25:

"Assuming the amount you have stated in answer to question No. 14, if you have found it necessary under the court's charge to answer question No. 14, to be the actual value of said ranch, what sum in relation to said assumed actual value of said ranch would represent the actual value of said 17.38 acres described in question 19?"

To which the jury answered: "$1,738."

To interrogatory 19, referred to in the latter part of the twenty-fifth question, supra, the jury had answered that the Atlirs did not know that Foster and McCarthy had no title to the 17.38 acres of the ranch. There seems to us some confusion in the verbiage of some of the interrogatories above quoted, but possibly not to the extent of being so confusing or unintelligible as not to form a sufficient basis for a judgment, as claimed by appellants. We think these facts are made sufficiently clear by the jury's findings: They found that the Old Ft. Bliss property conveyed by the Atlirs had an actual value of $16,974 over and above the $3,026 lien on

the property. The fifteenth question told the jury to assume that the $16,974 was the actual value of the ranch and other considerations given for the Atlir property. That assumed actual value would embrace the ranch land, the personal property on the ranch, the $500 cash, and the $500 note. With that value assumed as the actual value of the ranch property, the jury was asked to state a sum that would represent the actual value of the shortage in acres of the ranch, assuming that the ranch should contain 151 acres. By comparing the above questions and answers, it will be readily seen that in submitting question 15 the court told the jury to answer that question assuming that $16,974 was the actual value of the Foster and McCarthy "ranch and other considerations," etc., while in question 25 the jury are told that in answering that question to assume that the same amount ($16,974) was the actual value of the "ranch," not including "any other considerations." And to question 25 the jury are told to answer that question assuming that $15,000 was the "actual value of the land," not in words including or excluding other considerations. The only confusion seems to us to be in the different values which the court told the jury to assume in fixing other values. But it seems clear to us that the jury in their findings fixed a definite actual value to the Old Ft. Bliss property ($16,974), and a definite value per acre to the ranch lands actually conveyed ($100), and a definite value per acre to the shortage in acreage, and a definite value per acre to the acreage to which the title had failed. There was no question as to the value of any other property other than the personal property on the ranch. We believe that with these values fixed and made sufficiently clear, as they were in the findings, regardless of the confusion in the questions, a judgment could be entered thereon. If there is any uncertainty or confusion in the facts submitted to and found by the jury, it is as to the actual value of appellants' ranch land. But we take it from the several findings quoted that the jury found that the agreed value and the actual value of the ranch land was $100 per acre. Appellants refer us to the evidence to the effect that the 17.38 acres are less valuable per acre than other lands, but the jury found that the value of the lands as a whole was $100 per acre. A review of the evidence discloses that there was sufficient evidence as to the actual value of the Old Ft. Bliss property to support the jury's finding No. 14 that the property was worth $16,974, less the incumbrance of $3,026, and the fifth assignment is overruled.

While we think several of the questions submitted to the jury need not have been submitted, and that some of the questions submitted are confusing, there is nothing in the jury's findings that indicate to us that the jury were confused on the issues, and appellants point out nothing to indicate confusion in the findings, other than what has been pointed out and discussed in passing on the fourth assignment. The sixth assignment is overruled.

[6] The ninth assignment of error calls in question the correctness of the measure of damages applied by the trial court and points out special issue 14. The contention is that it was error to submit an issue intended to elicit a finding of damages estimated on any other basis than by computing the difference between the actual reasonable value of appellees' Old Ft. Bliss property and appellants' ranch, moneys, and other personal properties on the ranch given in exchange. The correct measure of the damage recoverable in this suit is the difference, if any, in the actual value between the property conveyed by appellees and the value of the properties received by appellees. The contract value of appellees' property has nothing to do with fixing the basis of values of said property or the measure of damages in this character of suit. What appellees have lost by the transaction is the point of inquiry, and that amount ascertained is the measure of their damages. George v. Hesse, 100 Tex. 44, 93 S. W. 107, 8 L. R. A. (N. S.) 804, 123 Am. St. Rep. 772, 15 Ann. Cas. 456. But we do not construe question 14 and the answer thereto to state any other measure of damage. By reference to that finding supra it will be seen that the jury found what they estimated to be the actual value of appellees' property, less the incumbrance. We do not see how it could be construed on the finding to question 14 that the damages were based on any other than the actual value of appellees' property. The assignment is overruled.

[7] We do not believe that the submission of question 15 in the courts' charge is amenable to the criticism made by the tenth assignment, that it stated a conclusion of fact as to the actual value of appellants' ranch and other properties. There was no expression by the court to the jury of an opinion as to what was proved on the issue of the actual value of Old Ft. Bliss property. The court had asked the jury simply to state its value, and, assuming that the jury had fixed some value on said property, the court told the jury that, assuming the value fixed on the Old Ft. Bliss property to be the actual value of the appellants' properties, then what sum would the jury say would be the actual value of the shortage in acreage of the land conveyed by appellants. The assignment is overruled.

[8] Error is assigned on the admission of the testimony of the witness Holland. Holland was permitted to detail a conversation he had with Foster in which Foster stated that 151 acres were in the tract of land conveyed; that three acres were in litigation, and that he (Foster) had no title to it; that he valued it at $100 per acre; that he

agreed to pay Atlir $100 per acre for all the land he lost in the suit, whether it were three or more acres, and other similar statements. After admitting the evidence, over objection, the evidence was excluded on the court's own motion. We are not called upon to pass on the admissibility of the evidence, but, assuming that it was not, the court excluded it and instructed the jury to disregard it. We must presume that the jury excluded the evidence from consideration, as instructed, unless the contrary appears. The findings of the jury can be accounted for without resort to the evidence excluded. The assignment is overruled.

[9] It is the contention · of appellants in their twelfth assignment that there is error in entering judgment in favor of appellants as to the $1,738 on account of the alleged defect in title to part of the ranch land conveyed, and the proposition is that, there having been no eviction, the 17.38 acres being in New Mexico, and the instrument conveying it containing no covenant to seisin, and the New Mexico law providing that there can be no action upon a covenant of warranty until after eviction, it was error to enter judgment for the full value of the lands.

There is some conflict in the authorities upon the point made in the assignment, but an examination of the authorities show that the difference of opinion grows out of a confusion as to the nature of the cause of action. This suit is not on the warranty. It is not a case in which the appellees sue for a breach of a contract, for the contract has been performed by both parties, but it is a case in which the appellees sue to recover damages for a fraudulent representation by which they were induced to enter into a contract to their loss. The issues are different and the measure of the damages is different to what it would be in a suit on the warranty of contract. This distinction was observed by this court in Beckwith v. Powers, 157 S. W. 178, and many Texas cases there referred to, including the case of George v. Hesse, supra, by the Supreme Court of this state. The assignment is overruled.

The Supreme Court of this state, in White v. Street, 67 Tex. 177, 2 S. W. 529, we think, has settled the law against appellants' contention in their thirteenth assignment, claiming error in that the judgment of the court decrees an equitable lien in favor of appellees in the nature of a vendor's lien upon the Old Ft. Bliss property conveyed by appellees to secure the payment of the judgment for $3,086, and interest. To the same effect are Meyer v. Smith, 3 Tex. Civ. App. 37, 21 S. W. 995, and Sanders v. Dunn, 158 S. W. 1041.

The Second Court of Civil Appeals, in Letcher v. Reese et al., 24 Tex. Civ. App. 537, 60 S. W. 256, seems to express a different view, but does not refer to the White v. Street Case, and their attention seems not to have been called to it. The assignment is overruled.

[10, 11] Appellants' fourteenth, fifteenth, and sixteenth assignments claim error in excluding the evidence offered of witnesses Happer, Charles B. Stevens, and Horace B. Stevens on the value of the Old Ft. Bliss property. All three of the witnesses had qualified as to their knowledge of the reasonable market value of the property, and each witness had stated the value he would put upon the property. The witnesses were in the real estate business, and had been for many years, and each had sold real estate in the vicinity of the Old Ft. Bliss property in the year 1909 and about the time of the exchange of the properties in question, and each had partly stated the situation of said property with reference to the property in question. In addition to their evidence as to the value of the property in question, they were then asked at what price they had sold the property in the vicinity. The questions to each were objected to, and the objections were sustained. Had they been permitted to do so, the witnesses would have testified to the price at which they had sold the property in the vicinity in 1909. The evidence as to the market value of the property in question was conflicting, and the issue as to its value was sharply contested.

The points of objection to the introduction of the excluded evidence are: First, that no sufficient predicate was laid showing that the properties sold by the witnesses were similarly situated and of similar character, and, as to one of the properties, that it was sold about a year before the time of the exchange of the properties in this case; and, second, that appellants failed to state at the time of offering the evidence or at any time during the trial what the witnesses would testify to, if permitted. The admissibility of the evidence offered, under any circumstances, is at least doubtful. In some jurisdictions it is excluded altogether. The grounds for its exclusion have not always been the same. Some exclude it on direct examination altogether; some hold that its admissibility is a matter of discretion; others still, that such evidence is only admissible on cross-examination, as a test of the means of knowledge of a witness who has testified to the market value on direct examination. We are of the opinion, however, that the Supreme Court, in Chaney v. Coleman, 77 Tex. 100, 13 S. W. 850, recognized the rule that, under a proper predicate, such evidence is admissible. In that case the court said:

"Appellant complains of the exclusion of evidence offered by him showing the value of some farms adjoining the one sold by him to plaintiff. We think the evidence was properly excluded. The question was as to the value of the farm conveyed to plaintiff by defendant. It is not readily seen how its value can be correctly shown by comparing it with others, as was proposed to be done by the defendant in this

case. The farm in question was an improved one, and was valued in the trade as such. Before a value can be given to it by proving the average value of farms in that vicinity, it should be proved that the improvements, and other things to be considered in estimating its value, correspond with like things and the farms with which it is classed. That was not done in this case; and it is not probable that it can be done, or that a proper predicate can be laid for the adoption of such a method of establishing its value, instead of proving it directly."

In Newbold v. Railway Co., 34 Tex. Civ. App. 525, 78 S. W. 1079, the Third Court of Civil Appeals, in a similar case, while recognizing the fact that two lots could never be found precisely alike, and that it would not be required to do so, said:

"But, if it is admissible in any case, on direct examination, to prove value by comparison with other property, it should first be shown that such other property is substantially similar in those particulars which affect its value."

In that case the two properties were on opposite sides of the street; they were not situated in the same way with reference to the railroad; they fronted different ways; they were differently situated with reference to other streets; they were different in size; and other differences were noted. That court held that such dissimilar circumstances might be sufficient to show a dissimilarity in the values and excluded the evidence.

In this case what was shown as to the situation of the two properties was so dissimilar that it could hardly be called a predicate for the introduction of the evidence offered; in fact, appellants in their brief do not show or claim that sufficient predicate or any predicate at all was laid. But, if what had been shown as to the situation or relative values of the two properties was sufficient for the introduction of evidence, was its exclusion reversible error? The same witnesses had qualified to their knowledge of the value of this property and had testified directly as to its value. It seems evident that their opinion or knowledge of the value of this property is but a deduction drawn largely from the sales they had made and the handling of the property sold and about the values of which they would have testified. Conceding that a predicate had been laid, the jury had the benefit of the evidence of these witnesses as to the value of this property and a comparison of values by these same witnesses would be cumulative and, in our opinion, would not be reversible error, if error at all. The assignments are overruled.

We cannot say that the value at which the Old Ft. Bliss property was fixed by the jury is so excessive as to show that prejudice, passion, or sympathy influenced the verdict, as claimed in the eighteenth assignment. The value fixed is not without evidence to support it.

Finding no reversible error, the judgment is affirmed.