TEJAS GAS CORPORATION, Appellant,

v.

Mary Jo MAGERS and Husband, Robert D. Magers, Appellees.

No. 8851.

Court of Civil Appeals of Texas, Texarkana.

June 30, 1981.

Rehearing Denied July 28, 1981.

W. F. Palmer, Huffman & Palmer, Marshall, for appellant.

Gaines Baldwin, Abney & Baldwin, Marshall, for appellees.

BLEIL, Justice.

This is an eminent domain proceeding. Tejas Gas Corporation obtained an easement across property owned by Mary Jo Magers and her husband, Robert D. Magers. The Magers filed objections to the commissioners' award. At trial questions of the value of the land taken and damage to the remaining tracts were submitted to the jury. Tejas has perfected this appeal from the judgment entered on the jury's verdict.

The issues presented by this appeal concern the admissibility of certain evidence, evidentiary points, and cumulative error leading to an excessive verdict.

Mr. Richard Barton, the construction superintendent for Tejas Gas Corporation, testified concerning the authority which it had to obtain the easement, the location of the easement, and the route of the pipeline once placed within the easement. He stated the details of the routine followed by the different construction crews and went over the various operations related to the installation of the gas line. All of this testimony was adduced over the Magers' objection that it had no relevance to the issues on trial. Barton tracked the various operations performed during the installation. He testified that: one crew cuts the fences and puts in gates; a clearing and grading crew comes to remove any timber and then to

level the ground; a stringing crew hauls in pipe and unloads it on the ground; a bending crew sets up the pipe and a welding crew then welds the pipe together; and a lowering-in crew places the pipe in the ditch. Finally, a tieing crew, takes care of areas of road crossings, cattle skips and loose ends. At that point the tied pipe is cleaned with a pigging process and tested before being put into operation. After the tests are completed and the gas line is operative, crews come back to clean and restore the land and fences to as close to the original condition as is possible. Mr. Barton testified at length concerning the precautions taken by all of these crews and of the efforts made not to damage any of the easement property. He also related the extensive testing performed on the pipe after its completion. It is during the cross-examination of Barton that Appellant Tejas contends error occurred.

Counsel for the Magers asked Mr. Barton whether fires had occurred during the construction of the right-of-way process; whether stumps or refuse were buried during construction. In his answer, Mr. Barton never responded to the matter of the fires breaking out, but did concede that stumps were buried in the easement. Tejas objected to this line of questioning, the objection was overruled and Tejas moved for a mistrial.

Tejas urges that Article 3265, Tex.Rev. Civ.Stat.Ann., governs damages in eminent domain proceedings and provides that damages are not recoverable in tort. *City of Trinity v. McPhail*, 131 S.W.2d 803 (Tex.Civ. App.—Galveston 1939, no writ), and *Fort Worth & D.S.P.Ry. Co. v. Gilmore*, 2 S.W.2d 543 (Tex.Civ.App.—Amarillo 1928, no writ), among other cases, are cited in support of this point. Thus, appellant urges that, on the basis of these authorities and *Kirby v. Panhandle & G. Ry. Co.*, 39 Tex.Civ.App. 252, 88 S.W. 281 (1905, no writ), evidence of probable or actual damages resulting from negligent construction is not admissible.

■ Tejas says that the allowance of questions concerning whether fires had occurred coupled with the evidence of stumps

having been buried in the right-of-way was error. It is urged that this allowed the Magers' attorney to convey to the jury the impression that Tejas improperly constructed the pipeline and that it was negligent in allowing fires to escape.

We disagree. The cross-examination of Mr. Barton and the testimony that he gave did not amount to evidence of damage to the Magers from either improper construction or other negligent conduct. In addition, this was merely cross-examination concerning the construction phase about which detailed and lengthy testimony was given on direct examination.

■ Appellant Tejas further complains that the damages found by the jury are not supported by sufficient evidence and that the verdict in this regard is against the great weight and preponderance of the credible testimony. It says that a lesser amount of damages could have properly compensated the Magers under the evidence. At the trial each party presented evidence with regard to the value of the land taken and the damage to the property remaining after the taking. Appellee Robert D. Magers testified on behalf of his wife and himself, and also called on their behalf was H. B. Roquemore who was properly qualified as an expert. Mr. Roquemore stated that the front 500 feet of the Magers' property had a higher market value than the remainder of the property and arrived at an opinion as to the value of the entire property based on these factors and on sales of comparable tracts. He found the value of the strip of land to be acquired, which was within the front 500 feet of the property from the roadway, to be $1,800.00 per acre or $5,257.80. In regard to the remaining tract, he valued it at approximately $154,000.00 before the taking and at $126,000.00 after the taking. This represented damage to the remaining tract of land in excess of $27,500.00.

At the time of trial appellant made no objection to Roquemore's qualifications as an expert, made no objection to his testimony and made no motion to strike any part of the testimony. The argument made by

288

Tejas is that the testimony of Roquemore is not sufficient because it is not worthy of belief. It is the function of the jury to pass on the weight of the evidence and the credibility of the witnesses and where there is conflicting evidence, the jury verdict on such matters is generally regarded as conclusive. *Montgomery Ward & Co. v. Scharrenbeck*, 146 Tex. 153, 204 S.W.2d 508 (1947); *Clark v. National Life & Accident Ins. Co.*, 145 Tex. 575, 200 S.W.2d 820 (1947). We have thoroughly considered and weighed all of the evidence in our review of the evidentiary points. Our consideration of the evidentiary points raised by Tejas reveals that there is sufficient evidence to support the verdict and that the verdict is not so against the great weight and preponderance of the evidence as to be manifestly unjust. *In Re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1952).

It is also asserted by Appellant Tejas that even if the other claimed errors are not sufficient to result in reversal in and of themselves, the cumulative effect of the errors caused the rendition of an improper and excessive verdict. *Urban Renewal Agency of City, Etc. v. Abdo*, 562 S.W.2d 872 (Tex.Civ App.—San Antonio 1978, writ ref'd n.r.e.), is cited as setting forth the procedure to be employed when on appeal the court is of the opinion that the verdict is excessive. Simply stated, it is within the authority of this Court to reverse and remand for a new trial, or to direct a remittitur where the damages are manifestly excessive.

In this case, however, we have already held that there are no errors on the part of the trial court; thus, there is no cumulative effect of any error involved on appeal. Furthermore, there is no showing that the jury verdict is excessive.

The points presented by appellant are overruled and the judgment is affirmed.